DORIS SIDWELL, Plaintiff-Appellant, *v.* ROY SIDWELL, Defendant-Appellee.

(No. 11247;

Fourth District—June 24, 1971.

Ryan & Heller, of Mattoon, (Harlan Heller, of counsel,) for appellant.

Glenn & Logue, of Mattoon, (Ralph D. Glenn, of counsel,) for appellee.

Mr. JUSTICE RICHARDS delivered the opinion of the court:

In 1964 each of the parties sought a divorce from the other by complaint or counter-claim. Upon the denial of a divorce to either party, the case was appealed to this court and was remanded for further proceedings consistent with the opinion in *Sidwell v. Sidwell,* 75 Ill.App.2d 133; 220 N.E.2d 479, which reversed the trial court's order denying the wife's complaint for divorce and also directed the trial court to allow the wife to file a count for separate maintenance in her complaint, if such were renewed.

The mandate to the trial court was filed February 14, 1967, and the defendant husband thereupon petitioned the court and was, on April 4, 1967, allowed to open up the case and introduce further evidence. After hearing further evidence the trial court, on May 8, 1967, again denied the wife a divorce and dismissed her amended complaint for divorce for want of equity. The action of the trial court in reopening the case for further evidence was clearly without authority as the denial to the wife of a divorce was contrary to this court's opinion which had decided

that question on its merits. (*Nye v. Nye,* 411 Ill. 408; 105 N.E.2d 300.) The wife did not then appeal from the order of the trial court denying plaintiff a divorce, but took various alternate procedures instead. After the court's order of May 8, 1967, the wife filed a demand to expunge the order and defendant countered with a motion to strike the demand to expunge the court's order. An order was thereafter entered allowing the motion to strike the demand to expunge the court order of May 8, 1967. Thereupon, the wife filed a motion for leave to file an amended complaint in two counts, Count I which realleged her complaint for divorce, and, in the alternative, Count II, a complaint for separate maintenance in accordance with the direction of this court in its opinion. She then filed a motion for the rehearing of her prior complaint for a divorce. This motion for a rehearing of the prior complaint for divorce was denied July 5, 1967, and thereafter, on August 4, 1967, she filed a motion to reopen her case for a divorce and to introduce newly-discovered evidence. No action by the court seems to have been taken on said petition, nor on a petition filed October 18, 1967, by the plaintiff for an injunction seeking an order restraining the husband from "continuing with the prosecution of any complaint, petition or proceeding for divorce" commenced by him against the wife in May, 1967, in the Chancery Court of Jefferson County, Arkansas. Nothing further seems to have been done until September 18, 1968, when a petition by the wife was filed seeking to have the court settle the incidents of the marriage, set off property belonging to her, and fix alimony and attorney fees, alleging that the husband "went to the State of Arkansas and secured an Arkansas divorce". An order was entered on October 22, 1968, dismissing this latter petition and, thereafter, on December 11, 1968, she filed a petition for leave to file an amended complaint consisting of Count I for separate maintenance, and Count II as "Separate Equitable Action" labeled "a new and separate cause of action", asking for a division of property and for alimony and attorney fees. In the latter count the wife again alleged that the husband had obtained a divorce in the State of Arkansas, but as such divorce was granted without personal service on the plaintiff here, that court was unable to determine such matters. Upon the objections of the husband an order denying her petition for leave to file the amended complaint was entered on January 10, 1969. Later on April 10, 1969, the wife filed a further petition for leave to file an amended complaint which stated that the separate maintenance issue may well have been rendered moot by the Arkansas divorce, and that she desired to dismiss the count for separate maintenance and file a count seeking to adjudicate her property rights and fix alimony and attorney fees, which proposed count alleged that the husband had secured an Arkansas divorce, and again

stated that because of the lack of personal service the Arkansas court was without jurisdiction to pass upon the issues of the special equities in property, property divisions, alimony and attorney fees. An order was entered June 9, 1969, denying plaintiff's petition for leave to file the last-mentioned amended complaint, but ordering that the complaint for separate maintenance be dismissed upon her own motion. This order did not contain a final judgment against the wife as to her petition for leave to file the equitable action. Later the record shows that a judgment was entered for the defendant and against the plaintiff, dated October 19, 1969, and it is the one herein appealed from. In summary, since the prior opinion of this court, the wife, in accordance therewith, has again presented her complaint for divorce to the trial court, and again was improperly denied a divorce. She then presented the alternative action for separate maintenance, which had been also ordered to be allowed by this court in the prior opinion. The wife then later voluntarily dismissed her action for separate maintenance and in a new cause of action sought to have her equities in the parties' property established, a division of the property made, and alimony and attorney fees determined on the basis of the Arkansas divorce secured by the defendant.

■■ In this appeal, the notice of which was filed November 6, 1969, the wife contends that the trial court erred on May 8, 1967, in allowing the husband leave to reopen and relitigate her complaint for divorce, and then again denying her a divorce, and also in refusing to allow her to file her petition to have the incidents of the marriage detemined. As to the error urged by the wife in the court again denying her a divorce, the husband contends that the order of May 8, 1967, was a final appealable order and, the wife having failed to file an appeal therefrom for more than two years, such is not now reviewable. The May 8, 1967, order recited therein that the cause came to the court for hearing further evidence, pursuant to order, that the court heard testimony of witnesses, the arguments of counsel, considered the exhibits offered in the cause, and being advised in the premises found that it had jurisdiction of the parties and of the subject matter, and that that count in the wife's complaint for divorce should be dismissed and thereupon ordered that Count I of her complaint for divorce be dismissed for want of equity. The trial court accordingly heard the count for divorce on evidence, made a decision and entered the order denying plaintiff relief. This had all the requisites of a final order as to the divorce count. The fact that a pending separate maintenance count was contained in the same proceeding raises the question as to whether the wife could, under Supreme Court Rule 304, wait until a final order was entered, even though it was more than two years later, and still appeal from the order refusing her a divorce. When the

count in her complaint for separate maintenance was voluntarily dismissed June 9, 1969, such terminated all the matters that had been pending when the divorce suit was dismissed, and was more than four months before the notice of appeal was filed. By voluntarily abandoning her action for separate maintenance on July 9, 1969, all of the matters held for determination on May 8, 1967, in that complaint were determined. Her complaint to have the incidents of the marriage determined was, as it was designated by the plaintiff, a new cause of action. Accordingly, even if by Supreme Court Rule 304 the time for appeal from the order of May 8, 1967, denying the wife a divorce, would not have begun until June 9, 1969, when her action for separate maintenance was voluntarily dismissed by her, still she would not have filed a timely notice of appeal on November 6, 1969.

██ The remaining question to be determined is the correctness of the order of the trial court of October 15, 1969, in denying the wife leave to file amended complaint for a determination of the parties' property rights, alimony and attorney fees. To support her position in such plaintiff presents the case of *Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673. That case, after first considering and determining the validity of a Nevada divorce, then held that the Illinois court had the power to grant alimony after an *ex parte* divorce in a foreign jurisdiction. The *Schwarz* case (p. 146) based the authority for such on Section 18 of the Divorce Act, ch. 40, par. 19, Ill. Rev. Stat., which provides for such "* * * at any time after the entry of a decree for divorce * * *". The wife, in her proposed amended complaint, alleges that the husband secured an Arkansas divorce. As the pleadings now stand, the parties are committed to the validity of the Arkansas divorce. Upon the authority of *Schwarz* the wife may bring an action for the determination of equities in property and of alimony and attorneys fees where the marital status has been determined by a valid *ex parte* foreign decree, but such latter court was without personal jurisdiction to determine equities in property or alimony.

The appeal from the order of the trial court in denying the wife a divorce is dismissed. The order of the trial court in denying the wife leave to file an amended complaint seeking a division of the property, alimony and attorney fees is reversed and this cause is remanded with direction that the motion to file such amended complaint be granted.

Affirmed in part, reversed in part and remanded.

SMITH, P. J., and TRAPP, J., concur.