FRED VAN FLEET, Plaintiff-Appellant, *v.* BEVERLY B. VAN FLEET, Defendant-Appellee.

Third District   No. 77-6

Opinion filed July 13, 1977.

Barry M. Barash, of Barash & Stoerzbach, of Galesburg, for appellant.

Franklin S. Wallace, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
    This is an appeal from an order of the Circuit Court of Warren County directing plaintiff to pay certain sums as attorney's fees and costs to defendant, with a cross-appeal assigning error on the part of the trial court in not allowing the complete amount of attorney's fees requested by the attorney for defendant.
    Fred Van Fleet commenced a proceeding for divorce against defendant Beverly Van Fleet on May 5, 1975, and charged defendant with mental cruelty. In a discovery deposition taken on December 22, 1975, plaintiff admitted that he had participated in sexual intercourse with a woman (other than defendant) whom he had known for 2½ years and that the most recent occurrence of extramarital sex was within a week of the deposition. On January 29, 1976, defendant filed a motion for summary judgment in favor of defendant which was granted by the court on February 20, 1976. At the time of the entry of summary judgment the trial

court took under advisement the issue of attorney's fees and costs to be awarded to defendant.

On August 26, 1976, a hearing was held in the trial court on defendant's petition for attorney's fees and costs. Testimony on behalf of defendant showed that the net worth of the defendant in solely and separately owned property totaled approximately $177,000 and (by stipulation of the parties) plaintiff's net worth was in excess of $200,000. There was some indication that such net worth was considerably in excess of the $200,000 figure. It appeared at the hearing that while defendant's attorneys had not contemporaneously compiled time records of the time spent in the representation of the defendant in this cause, defendant's attorney testified that by reviewing the docket entries of the court and the files of his law firm in the matter, he was able to compute the attorney's work time on the case. He determined that it was between 60 and 65 hours, and stated that his reasonable hourly rate of $75 produced a total payable for such attorney's fees of at least $4,500. Defendant also testified that he had expended the sum of $273.20 for court costs, sheriff's costs, and court reporter fees.

Following consideration of the issue under advisement, the trial court on September 29, 1976, entered an order directing plaintiff to pay attorney's fees in the amount of $2,750 and costs in the amount of $273.20 to be paid to defendant.

■■ It is initially argued by plaintiff that the trial court abused its discretion in awarding attorney's fees and costs to defendant. On this issue we have stated in *Lane v. Lane* (3d Dist. 1976), 40 Ill. App. 3d 229, 233, 352 N.E.2d 19:

> "The general rule regarding the allowance of attorney fees is that the awarding of such fees in a divorce proceeding rests in the sound discretion of the trial court and will not be interfered with unless such discretion is clearly abused. (*Canady v. Canady*, 30 Ill. 2d 440, 197 N.E.2d 42.)"

In support of plaintiff's contention several cases are cited including *Goldberg v. Goldberg* (1st Dist. 1975), 30 Ill. App. 3d 769, 332 N.E.2d 710, for a recital of the " 'settled rule that to justify allowance of attorneys fees in a divorce suit, the party seeking this relief must show financial inability to pay and the ability of the other spouse to do so * * *' " (30 Ill. App. 3d 769, 773). Plaintiff argues that due to the substantial financial position of defendant, the granting of attorney's fees to defendant was an abuse of the trial court's discretion. In awarding the attorney's fees, however, the trial court referred to the principle announced in *Albert v. Albert* (1st Dist. 1972), 10 Ill. App. 3d 539, 541, 294 N.E.2d 695, where the court stated:

> "[T]he significant circumstance of the case was not the relative

ability of the parties to pay, each of whom had sufficient means, but rather the litigiousness of [plaintiff]."

Even though both parties in the *Albert* case were financially capable of paying attorney's fees, the trial court there ordered the husband to pay two-thirds of the wife's attorney's fees, and the reviewing court held that it was an abuse of the trial court's discretion not to award the wife the complete amount of her attorney's fees. In the *Albert* case the court stated (10 Ill. App. 3d 539, 542):

> "[W]e believe the defendant in the instant case may make use of whatever procedures are open to him under the law, but if there is a lack of good faith he is under an obligation to pay for the resulting litigation. The court found the defendant to be at fault and granted the divorce to his wife. His motions to strike contained the untrue allegation that the parties were living together as husband and wife, and his counterclaim for divorce was not pursued in good faith and contained untrue allegations concerning his wife's fitness as a mother. He caused the extended litigation and, in view of the record in this case, it was an abuse of discretion for the trial court not to grant the plaintiff the full amount of her attorneys' fees."

■■ It is noted that the trial court in the instant case determined that plaintiff did not pursue his complaint for divorce in good faith, and in light of plaintiff's admitted adultery and the record in this case, we are unable to conclude that the determination of the trial court and the consequent award of attorney's fees to defendant was an abuse of the trial court's discretion. We believe it was a proper exercise of the court's discretion on the basis of the record.

■■ Plaintiff makes a further argument that the record in the instant case does not support the award of attorney's fees to defendant's attorneys because the attorneys failed to keep accurate and contemporaneous records of their time. In *Welsh v. Welsh* (1st Dist. 1976), 38 Ill. App. 3d 35, 39-40, 347 N.E.2d 512, the appellate court said:

> "The matter of fixing attorney's fees is one of the few areas in which a trial judge may 'rely on the pleadings, affidavits on file and his own experience * * *.' (*Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 1051, 318 N.E.2d 282.) 'It has been the rule in this state for many years that courts will not be bound by the opinion of attorneys as to what constitutes reasonable attorneys' fees. The courts may use the knowledge they have acquired in the discharge of professional duties as to the value of legal services rendered.' (*Richheimer v. Richheimer* (1965) 59 Ill. App. 2d 354, 365, 208 N.E.2d 346.) In reviewing the record before us we are obliged to consider the discretionary function of the trial court, the testimony

before us and the entire record of the proceedings, all in the light of our own knowledge and experience in this type of matter."

In the instant case defendant's attorneys admittedly did not keep contemporaneous records of time spent in representing defendant. Defendant's attorneys, however, did, by a review of their files and the court docket entries, compile a detailed estimate of the time involved. It appears that in the courts of litigation, which lasted over 8 months exclusive of the hearing on fees, defendant's attorneys appeared in court on six occasions, both answered and propounded interrogatories, took plaintiff's deposition, prepared and filed numerous petitions and motions, and conducted several conferences with defendant. The estimate of defendant's attorneys indicated that greater than 60 hours were spent representing defendant and that at counsel's desired hourly rate of $75 per hour, defendant's attorneys' fees were computed to be in excess of $4500. In the letter to counsel dated September 16, 1976, the trial court stated:

"In reference to the amount of fees to be allowed, there are many factors to be considered. Where counsel is requesting fees based on an hourly billing amount, it would certainly be helpful to the court to have accurate time records available. I can appreciate opposing counsel's difficulties in cross examination on the fee question without the availability of some organized form of time billing. While this does create some problems in determining a reasonable award, there are other factors to consider as well. I find that reasonable fees for this case to be in the amount of $2,750."

In view of the record in this cause and the testimony of the defendant's attorney, and our own knowledge and experience in the matter of attorney's fees, we must conclude that the action of the trial court in allowing attorney's fees in the amount of $2,750 in this cause does not constitute an abuse of discretion.

■■ On her cross-appeal defendant argues that the trial court abused its discretion in not granting her the full amount of her attorney's fees in the sum of $4,500. We note, however, that the trial court granted defendant the full amount of her attorney's fees, but actually set the amount of such fees at a sum lower than that requested by defendant's attorney based upon the trial court's knowledge and experience. In view of the record in this cause, therefore, we do not believe the trial court abused its discretion in setting the amount of the attorney's fees to be paid to the defendant by the plaintiff at $2,750.

For the reasons stated, therefore, the judgment of the Circuit Court of Warren County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.