*In re* MARRIAGE OF CAROL ANN KRUSE, Petitioner and Counterrespondent-Appellee, and RICHARD L. KRUSE, Respondent and Counterpetitioner-Appellant.—(GOMBERG & SCHAPS, Petitioner-Appellee.)

First District (3rd Division)    No. 79-1410

Opinion filed December 31, 1980.

Jann, Carroll, Kruse, Sain & Dolin, Ltd., of Chicago (Gary A. Weintraub and David A. Epstein, of counsel), for appellant.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellee Gomberg & Schaps.

Mr. JUSTICE RIZZI delivered the opinion of the court:

This is an appeal from an order of the trial court awarding attorney's fees to Gomberg & Schaps (Gomberg), the law firm which represented petitioner, Carol Ann Kruse, in an action for dissolution of marriage. Gomberg filed a petition requesting $15,078.75 in attorney's fees and $1,851 in costs and expenses. The trial court found that Gomberg was entitled to $12,000 in attorney's fees and $1,851 in costs and expenses. After deducting $2,250 previously received by Gomberg, the trial court ordered respondent, Richard Kruse, to pay $11,601 to Gomberg. We modify the order of the trial court.

In February 1977, Carol Ann Kruse filed a complaint for separate maintenance or, in the alternative, for divorce under the Illinois Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.* (repealed)). The grounds alleged were mental cruelty, physical cruelty and adultery. Richard Kruse filed an answer to the amended complaint and a counterclaim for divorce in which he alleged mental cruelty.

Prior to trial, the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) took effect. The case went to trial on the grounds for dissolution of the marriage. After two days of trial on the grounds, the parties reconciled, and the case was transferred to the dormant calendar.

On May 12, 1978, Gomberg filed a petition for attorney's fees and costs. In the petition, the law firm sought to recover $15,078.15 in attorney's fees for work performed by Nathan Gomberg, Joel Schaps and Steven Gomberg. Different hourly rates were charged for court time and office time. Gomberg also sought to recover $1,851 in expenses, which included a $1,300 fee paid for the services of an accountant retained to examine the financial status of Richard Kruse.

The issue presented for review is whether the total compensation awarded to Gomberg is excessive. There is no dispute regarding the parties' respective abilities to pay the fee.

■■ The fees allowed in a dissolution proceeding should be fair to all the parties involved—the attorney to be compensated, the client and the person required to make the payment. (*Christian v. Christian* (1979), 69 Ill. App. 3d 450, 459, 387 N.E.2d 1254, 1261; *Green v. Green* (1976), 41 Ill. App. 3d 154, 169-70, 354 N.E.2d 661, 675.) The amount awarded should be fair compensation for those services which were reasonable and necessary to the action. (*Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 602, 400 N.E.2d 56, 60; *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 582, 373 N.E.2d 576, 579.) Some factors to be considered are the skill and expertise of the attorneys employed, the nature of the controversy, the novelty or difficulty of the questions raised, the degree of responsibility involved, the time and labor required, the usual and customary charge in the community, and the benefit or result provided. See *In re Marriage of Dulyn* (1980), 89 Ill. App. 3d 304, 313-14, 411 N.E.2d 988, 996; *Donnelley*, 80 Ill. App. 3d 597, 602, 400 N.E.2d 56, 59-60; *Christian*, 69 Ill. App. 3d 450, 458-59, 387 N.E.2d 1254, 1260-61.

■■ The present case was not complex or unusual. The issues were relatively uncomplicated, and the case did not present any novel or significant questions which would justify the fee awarded. The fact that a counterclaim was involved did not in itself complicate the issues. (*Christian*, 69 Ill. App. 3d 450, 459, 387 N.E.2d 1254, 1261.) Additionally, contrary to Gomberg's assertion, the fact that both parties desired custody of the children did not make the case unusually difficult.

■■ In the petition, Gomberg requests fees for the services of two attorneys who appeared in court together to represent Carol Ann Kruse. However, this is simply not the type of case which warrants dual billing for dual representation. (See *Gasperini*, 57 Ill. App. 3d 578, 584, 373 N.E.2d 576, 580.) We also question a number of hours which were billed

as court time but which were spent on uncontested matters, such as agreed orders and continuances. These hours should not be fully compensable as court time since the work done did not require courtroom skills. (See *Dulyn*, 89 Ill. App. 3d 304, 314, 411 N.E.2d 988, 996; *Gasperini*, 57 Ill. App. 3d 578, 583-84, 373 N.E.2d 576, 580.) Additionally, we question the hours billed for the taking or attending of depositions as court time. We also conclude that the total amount charged for office time must be reduced because it is unreasonable.

As for costs and expenses, we believe that the award of $1,851 was proper. The $1,851 included a $1,300 fee paid to an accountant who was retained by petitioner to analyze Richard Kruse's financial status. Richard Kruse contends that the amount awarded for the accountant's services is unreasonable since the services primarily consisted of the compilation and verification of figures from books and records made available by him. We disagree that the fee is unreasonable, and therefore, Gomberg is entitled to recover it as part of its expenses.

Consequently, we believe that the award of attorney's fees must be reduced from $12,000 to $7,000 and the award of $1,851 in costs and expenses should stand. Accordingly, the order of the trial court requiring respondent to pay $11,601 to Gomberg is modified to require respondent to pay $6,601 to Gomberg.

Modified.

McNAMARA and SIMON, JJ., concur.