*In re* MARRIAGE OF JOHN POWERS, Petitioner-Appellant, and PHYLLIS POWERS, n/k/a Phyllis Fish, Respondent-Appellee.

Second District   No. 2—92—1060

Opinion filed November 29, 1993.

Lyle B. Haskin and Dolores A. Timko, both of Haskin & Taylor, P.C., of Wheaton, for appellant.

Neal W. Cerne, of Mirabella & Kincaid, P.C., of Wheaton, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Petitioner, John Powers (the husband), appeals from an order of the circuit court of Du Page County which required him to pay a portion of the attorney fees incurred by respondent, Phyllis Powers (the wife), in defense of an appeal, and prosecution of a cross-appeal, brought after judgment was rendered in post-dissolution-of-marriage proceedings. The trial court granted judgment for $4,519.84 in favor of the wife's attorneys and against the husband. The amount included both sums for work done on the appeal and sums for preparation of the wife's petition for attorney fees. In this appeal, the husband argues that the award of attorney fees was contrary to law and against the manifest weight of the evidence; that the trial judge should not have asked questions of the wife's attorney at the hearing on the fee petition; and that the court should not have allowed attorney fees for time spent preparing the fee petition.

Following an order of this court affirming the judgment of the trial court in the post-dissolution proceedings (the first appeal), the wife brought a petition in the trial court for an award of $5,388.61 in attorney fees incurred in the first appeal. The first appeal concerned the propriety of an increase in child support and an award of attorney fees to the wife's counsel for work done in connection with the child support proceedings.

A hearing on the fee petition was held on August 4, 1992. The wife testified as to her income, assets and liabilities. Neal Cerne, the wife's attorney, testified that he was admitted to practice law in Illinois in November 1988, that he concentrated in matrimonial law, and that he belonged to several legal associations. He represented the wife in the first appeal. He identified time slips he and a law clerk had prepared in connection with his representation of the wife. The time slips had been prepared directly after the work performed and noted the type of work done. Mr. Cerne charged $90 per hour for court time and $80 per hour for office time. He charged the wife for

50.5 hours of work in connection with the appeal and for 4.75 hours of work in connection with the fee petition. He charged approximately five hours of time at $30 per hour for the law clerk's work in preparing the fee petition. Mr. Cerne testified as to costs incurred of $99.86. Approximately 25 hours of time were not included in monthly billing statements because time slips representing those hours did not show the case number on their face. These 25 hours were included in the fee petition.

The court found that Mr. Cerne's $80-per-hour-rate was reasonable and allowed 50.5 hours for the appeal. It allowed 4.75 hours for the preparation of the fee petition. The court also found that the amount of costs was reasonable. It did not allow the fees requested for work performed by the law clerk. Judgment was entered in favor of Mr. Cerne's law firm in the amount of $4,519.84. The husband filed a timely appeal.

The husband first argues that the wife's attorney did not prove the reasonableness of his fee or that the work alleged in his records was reasonably required or necessary for the proper performance of legal services in connection with the appeal. The wife asserts that the husband has waived this argument because he failed to raise it below.

Initially, the record of the fee petition hearing clearly shows that the husband's attorney argued to the court that the wife did not meet her burden as to the reasonableness and necessity of the fees requested and that she was not entitled to attorney fees. Consequently, the husband has not waived his first point.

■ Attorney fees may be awarded for defending an appeal of any order or judgment entered under the Illinois Marriage and Dissolution of Marriage Act (the Act). (750 ILCS 5/508(a)(3) (West 1992).) When awarding attorney fees under the Act, "a trial court must consider the relative financial abilities of the parties, the nature of the controversy, the question at issue, the significance or importance of the subject matter, the degree of responsibility involved, the standing or skill of the attorney, and the time and labor involved." (*In re Marriage of Ackerman* (1988), 168 Ill. App. 3d 438, 443.) The most important of these factors is the amount of time necessarily spent on the case. (*In re Marriage of Winton* (1991), 216 Ill. App. 3d 1084, 1092.) However, the amount awarded should be fair to all parties and should reflect compensation only for reasonable and necessary services. (*In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, 111.) The trial judge may rely on his or her own knowledge and experience when deciding the value of the services provided. (*In re Marriage of Walters* (1992), 238 Ill. App. 3d 1086, 1099.) Finally, the award of attorney fees is within

the discretion of the trial judge, whose decision will not be reversed absent an abuse of that discretion. *In re Marriage of Schmidt* (1993), 242 Ill. App. 3d 961, 971.

The husband relies principally on *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, and *In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, in support of his claim. These cases are distinguishable. In *Gasperini*, the appellate court ordered a reduction in the fees a husband had to pay his wife's attorneys. The court noted that one attorney had charged at his "court time" rate for time he spent filing documents with the court clerk and obtaining agreed orders and trial dates. (*Gasperini*, 57 Ill. App. 3d at 583-84.) Moreover, another attorney in that case did not keep contemporaneous time records, charged 2.5 hours for review of a simple answer and countercomplaint, and charged excessive time for simple office work. (*Gasperini*, 57 Ill. App. 3d at 584-85.) The attorneys there had initially requested almost $21,000 in fees for an uncomplicated case that concerned only $24,000 in marital property, most of which was in the form of bank accounts. *Gasperini*, 57 Ill. App. 3d at 582-83.

In *Brophy*, the reviewing court held that awarding the wife's attorney $6,000 for work done in a dissolution action was excessive, especially in light of the fact that the parties were of modest means and the proceedings were uncomplicated. (*Brophy*, 96 Ill. App. 3d at 1120-21.) Further, the attorney requested compensation for 30 hours of "conferences," apparently without elaboration on the nature or necessity of those conferences. (*Brophy*, 96 Ill. App. 3d at 1120.) The attorney also sought to charge at his "court time" rate for 22 hours spent in preparation for, attendance at, and review of depositions. *Brophy*, 96 Ill. App. 3d at 1120.

Here, the wife's attorney requested payment at his office rate of $80 per hour. There is no question of improper "court time" charges. In addition, Mr. Cerne offered into evidence copies of his time slips, prepared immediately after work was performed. We disagree with the husband's contention that the time slips contain "only the most general notations." For example, the time slip for March 12, 1991, states "work on appeal, read cases, did outline" and notes 2.75 hours worked. The time slip for March 18, 1991, states "prepare brief, review cases, modifications, review other brief" and notes five hours worked. The next day's time slip states "research, draft of brief" and notes seven hours worked. While these slips could have contained more detail, we do not believe that they are impermissibly vague or general, as were the 30 hours of "conferences" in *Brophy*. *Brophy*, 96 Ill. App. 3d at 1120; see also *In re Marriage of Osborn* (1990), 206 Ill.

App. 3d 588, 603 (attorney's "itemized account" of time spent on case, *inter alia*, sufficient to uphold award of attorney fees).

The husband argues that Mr. Cerne did not show that his fees were reasonable or that the amount of work done was reasonably necessary for the proper performance of legal services in this case. We agree that the record contains no such testimony by Mr. Cerne. However, as noted, the trial judge may rely on his own knowledge and experience when determining the value of services provided. (*In re Marriage of Walters* (1992), 238 Ill. App. 3d 1086, 1099.) Moreover, Mr. Cerne's itemized time slips were sufficient to aid the trial judge in identifying unnecessary or excess time spent by Mr. Cerne in providing his services. We believe that when considering value, a trial judge must not only consider the rate charged by the attorney, but also the quality of services provided and the quantity of time claimed. Indeed, the trial judge in this case specifically found "that the time expended on behalf of [the wife] in the representation of her in the defense of the appeal and for the cross appeal was fair, reasonable and necessary, [and] that the hourly rate *** of $80 *** is a fair and reasonable rate."

In sum, we believe that the award of attorney fees for the appeal does not evidence an abuse of discretion. That the trial court did not make findings for each of the factors to be considered in awarding fees is not fatal to the award. "All reasonable presumptions are in favor of the action of the trial court, and absent an affirmative showing to the contrary, the reviewing court will assume that the trial court understood and applied the law correctly." *Walters*, 238 Ill. App. 3d at 1102-03.

Next, the husband claims that the trial judge erred to the husband's prejudice when he participated in the attorney fee hearing by questioning Mr. Cerne about his time slips. The husband argues that the court abandoned its objective role and became an active participant in the proceedings. We disagree. The transcript of the hearing shows that the trial judge merely asked Mr. Cerne a few questions to clarify in the judge's mind that the time slips offered as evidence by Mr. Cerne did not include work outside of the appeal and the fee petition at issue in the hearing. "A trial judge may question witnesses to elicit truth or to enlighten material issues that seem obscure." (*Obernauf v. Haberstich* (1986), 145 Ill. App. 3d 768, 771.) Moreover, the court gave the husband's attorney the opportunity to cross-examine Mr. Cerne about the answers he gave to the court's questions. The trial judge did not, as the husband now claims, aid Mr. Cerne in establishing elements of proof necessary to the award of attorney fees.

■ At issue next is whether the trial court should have awarded attorney fees to the wife's attorney for time spent preparing the petition requesting attorney fees. We believe the trial judge acted properly.

The trial judge awarded attorney fees for 4.75 hours that Mr. Cerne spent preparing the petition for attorney fees incurred in the first appeal. The husband argues that the wife would not have been liable for any fees incurred by Mr. Cerne in preparing the fee petition and that, consequently, he cannot be made to pay such fees. He cites *In re Marriage of Magnuson* (1987), 156 Ill. App. 3d 691, in support of his argument.

The wife claims that filing a petition for fees under section 508 of the Act constitutes a "proceeding" under the Act for which attorney fees may be sought. The wife further argues that the husband's argument must fail because he provided no authority for his contention that the wife would not be personally liable for fees for the time incurred in preparing the fee petition.

First, the case of *In re Marriage of Magnuson* is not dispositive of the question before us. In that case, this court held that a husband could not be required to pay attorney fees to his wife's lawyers in excess of the amount the wife was legally obligated to pay her lawyers. (*Magnuson*, 156 Ill. App. 3d at 700-02.) The wife and her attorneys had decided pursuant to a contract that the attorneys' fees for the matter at issue would not exceed $10,000. This court, relying on section 508's language allowing attorney fee awards for fees "necessarily incurred" by the other party, reasoned that fees in excess of $10,000 could not have been incurred by the wife and thus could not be charged to the husband. *Magnuson*, 156 Ill. App. 3d at 700-02.

There is no claim in this case that the wife signed a contract limiting her liability for attorney fees. Moreover, the husband provides no support for his contention that the wife would not have to pay her attorney for the time he spent preparing the fee petition in this case. Indeed, Mr. Cerne's successful attempt to have the husband help the wife pay her attorney fees clearly benefitted the wife, and it defies logic to claim that Mr. Cerne would prepare the fee petition without charge. *Magnuson* is not on point here.

Whether a lawyer for one spouse in a dissolution action may recover attorney fees from the other spouse for time spent preparing a section 508 petition seeking payment of separate attorney fees by the other spouse is apparently a question of first impression in this State. In this case, we answer in the affirmative.

Generally, a successful party in a civil action may not recover attorney fees from her adversary absent an agreement or statutory authority. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488.) Further, "a trial court is bound by the statutory grant." *In re Marriage of Magnuson* (1987), 156 Ill. App. 3d 691, 700.

We thus examine section 508, giving its terms their plain and ordinary meaning and attempting to give effect to the legislature's intention. (*In re Petition to Dissolve & Discontinue the Niles Park District* (1993), 244 Ill. App. 3d 127, 131.) The Act itself calls for liberal construction so as to, *inter alia*, "mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." (750 ILCS 5/102(4) (West 1992).) It also states that an award may be made for the "costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act." (750 ILCS 5/508(a)(5) (West 1992).) Section 508 governs solely the payment of attorney fees. It states that, after notice and hearing, fees may be awarded to one party's lawyer payable by another party for the "maintenance or defense of *any proceeding* under this Act." (Emphasis added.) (750 ILCS 5/508(a)(1) (West 1992).) Section 508 further allows fee awards for time spent modifying orders (750 ILCS 5/508(a)(2) (West 1992)), defending appeals of post-judgment orders (750 ILCS 5/508(a)(3) (West 1992)), and maintaining or defending section 2—1401 petitions (735 ILCS 5/2—1401 (West 1992)) seeking relief from final judgments rendered under the Act. (750 ILCS 5/508(a)(4) (West 1992).) Clearly, the Act provides for attorney fees in a broad range of situations, presumably to allow impecunious spouses or former spouses to assert their rights under the Act.

In this case, the trial court found that the wife did not have sufficient financial resources to pay for the legal services incurred on her behalf and that the husband did have such resources. The wife had the right under the Act to have a court decide whether her former husband should pay for or contribute to her attorney fees. Mr. Cerne, as the wife's advocate, had the responsibility to assert the wife's rights and pursue her best interests (see *Hoth v. Stogsdill* (1991), 210 Ill. App. 3d 659, 666; *In re Fox* (1988), 122 Ill. 2d 402, 409) by trying to obtain payment from the husband. Thus, we hold that Mr. Cerne's filing of a petition for attorney fees on behalf of the wife constituted the maintenance of a "proceeding" under the Act within the meaning of section 508(a)(1). Further, it is reasonable, in view of the aim of section 508 and of the Act in general, to construe section 508(a)(5) governing the attorney fee awards for "preparation of the commence-

ment of the proceeding brought under this Act" as including time spent preparing for fee petition proceedings. Such preparation would logically include drafting the petition for fees.

Our research has revealed two cases, both, coincidentally, from this district, that deal with the award of attorney fees under a statute for time spent preparing a fee petition. In the first case, *Wayne Township Board of Auditors v. Ludwig* (1987), 154 Ill. App. 3d 899, we held that a township supervisor, who successfully defended a civil contempt proceeding brought against him by the town board and who had to bring a petition to recover attorney fees authorized by statute, could recover attorney fees incurred in prosecuting the fee petition. (*Wayne Township*, 154 Ill. App. 3d at 909-10.) A section of the Township Law of 1874 (Ill. Rev. Stat. 1985, ch. 139, par. 126.1 (now codified, as amended, at 60 ILCS 5/13—11 (West 1992))), construed with the State Employee Indemnification Act (Ill. Rev. Stat. 1985, ch. 127, par. 1302(c) (now codified, as amended, at 5 ILCS 350/2(b) (West 1992))), allowed fees. We reasoned that refusing to award fees for prosecuting the fee petition "would dilute the effect of the statute by requiring successful litigants to incur additional costs to enforce their rights." *Wayne Township*, 154 Ill. App. 3d at 910.

In the second case, *Rackow v. Human Rights Comm'n* (1987), 152 Ill. App. 3d 1046, we found that the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 8—108(G) (now codified, as amended, at 775 ILCS 5/8A—104(G) (West 1992))), which contains a general authorization of attorney fees, allows attorney fees for time spent preparing a fee petition. (*Rackow*, 152 Ill. App. 3d at 1064.) We reasoned that a landlord's actions in violating the Human Rights Act necessitated the hiring of an attorney and the incursion of fees. Consequently, we found no abuse of discretion in awarding fees for preparing the fee petition. *Rackow*, 152 Ill. App. 3d at 1064.

While it is interesting to note that fees were awarded in both cases, the differences in the statutes at issue and the factual scenarios in the cases make *Wayne Township* and *Rackow* of little help to us here. Thus, we must return to the plain language of section 508. It is reasonable and logical to recognize as a "proceeding" under the Act the filing of a section 508 petition for attorney fees. Section 508 plainly allows awards of attorney fees for maintaining any proceeding under the Act. Further, section 508 covers fees for preparing for the commencement of the proceeding. The scope of section 508 and its clear language militate in favor of upholding the trial court here.

We also find that it is in keeping with the legislative aim of protecting financially needy spouses to uphold the award of attorney fees

for time spent preparing the fee petition. Mr. Cerne's labors established the wife's right under the Act to contribution from her husband toward her attorney fees. The establishment of such right is important to further the Act's goal of mitigating harm to spouses and children from dissolution proceedings. (See 750 ILCS 5/102(4) (West 1992).) We find no abuse of discretion by the trial court in its award of attorney fees for time spent preparing the fee petition.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

GEIGER and DOYLE, JJ., concur.