**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200361-U

Order filed October 7, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| CHRISTY A. GALATI, | ) | Will County, Illinois |
| | ) | |
| Petitioner-Appellant, | ) | Appeal No. 3-20-0361 |
| | ) | Circuit No. 11-D-652 |
| and | ) | |
| | ) | |
| CLAUDIO GALATI, | ) | Honorable |
| | ) | David Garcia |
| Respondent-Appellee. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Trial court did not err when it granted a fee petition filed by respondent's former attorney where fees and costs were attributed to petitioner's failure to abide by the court's orders and respondent's discovery requests.

¶ 2     The trial court found fees requested in petition filed by respondent's former attorney in dissolution action were reasonable and customary and necessitated by petitioner's refusals to comply with discovery requests and court orders, ruling the refusals lacked compelling cause or justification. Petitioner appealed. We affirm.

¶ 3                          I. BACKGROUND

¶ 4        Petitioner Christy Galati and respondent Claudio Galati were married in 2003. Christy filed a petition for dissolution of the marriage in 2011 and Claudio filed a counterpetition the same year. The proceedings involved extensive pleading practices, including numerous petitions for rule to show cause and motions to compel filed by Claudio.

¶ 5        Attorney Kristi M. Breseman entered an appearance for Claudio in September 2013. During her tenure of representation, Breseman filed a number of documents to require Christy to comply with orders of the court. For example, in September 2014, Claudio filed a petition for rule to show cause regarding the transfer of the parties' car title, which Christy was to execute per the dissolution. On October 2, 2014, Claudio filed a two-count petition for rule to show cause, alleging Christy failed to maintain the court-ordered obligations on the house, including payment of the mortgage, real estate taxes and homeowner's insurance, and failed to pay her portion of a hospital bill. In December 2014, Claudio filed a petition for rule to show cause based on Christy's failure to obtain life insurance as ordered in the judgment of dissolution. The same month, Claudio filed another petition for rule to show cause regarding Christy's refusal to sign certain tax documents as ordered in the judgment of dissolution. On March 20, 2015, the trial court held Christy in indirect civil contempt for her failure to pay the mortgage, real estate taxes, homeowner's insurance and a hospital bill, and for her failure to comply with the court's order regarding the children's physician.

¶ 6        On July 12, 2017, Claudio filed a petition for attorney fees under section 508(b) of the Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/508(b) (West 2016). The trial court allowed Christy until October 1, 2017, to file her objections to the fee petition. The objections are

not in the record. In August 2019, the trial court allowed Breseman leave to amend her fee petition to include costs rendered subsequent to the date she filed her fee petition.

¶ 7 A hearing took place on the petition on December 4, 2019, and the trial court ordered Christy to pay Claudio's attorney $22,565.13 within 90 days. In an order entered March 5, 2020, the trial court ruled that Christy was not in indirect civil contempt for the four counts alleged in Claudio's petition for rule to show cause. On March 11, 2020, Claudio's former attorney, Breseman, filed a petition for rule to show cause for indirect civil contempt for Christy's failure to pay Breseman's fees as ordered. On March 16, 2020, the court entered an order against Christy for her failure to pay the attorney fees. On July 6, 2020, the court ordered Christy's attorney to submit a list of expenses she believed were not related to the contempt ruling or "necessary Motions to Compel discovery." In response, Breseman voluntarily reduced her fees by $225, leaving $22,340.13 due and owing. The court ordered the fees to be paid within 45 days. Christy appealed.

¶ 8                                                   II. ANALYSIS

¶ 9 On appeal, Christy argues that the trial court erred in awarding attorney fees that were not related to the section 508(b) fee petition or lacked a sufficiently descriptive explanation of the work performed. She also challenges the fee award for billing entries for work performed after the March 2015 contempt finding against her.

¶ 10 Claudio has not filed a response brief but we will consider the merits of the appeal since "the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 11 Section 508(b) of the Act provides:

"(b) In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party. If non-compliance is with respect to a discovery order, the non-compliance is presumptively without compelling cause or justification, and the presumption may only be rebutted by clear and convincing evidence. If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." 750 ILCS 5/508(b) (West 2018).

¶ 12    The trial court does not need to find a party in contempt when she has not complied with an order. *In re Marriage of Baggett*, 281 Ill. App. 3d 34, 39 (1996). The court then decides if the party's failure to comply was " 'without cause or justification.' " *Id.* The party who fails to fulfill a condition imposed upon her by a court order has the burden to show she had cause or justification for failing to comply. *Id.* at 40. Where the failure to comply was without cause or justification, the award of section 508(b) attorney fees is mandatory. *In re Marriage of Michaelson*, 359 Ill. App. 3d 706, 715-16 (2005). Where the failure to comply was justified or not willful and wanton, the court may deny a section 508(b) attorney fee request. *Id.* at 715. This court will not overturn an award of attorney fees absent an abuse of discretion. *Id.*

¶ 13    The record documents the arduous progress of the parties' dissolution action, including the repeated instances where Claudio was forced to employ the court's assistance in forcing Christy

4

to comply with the court's orders. In his petition for fees, Claudio highlights the following conduct by Christy which required court intervention and the expenditure of attorney fees. The court found Christy in indirect civil contempt for her failure to pay the expenses related to the marital home and the court's order regarding the children's physician. Although the court found she was not in contempt on several other issues, including her failure to secure a life insurance policy, and to sell a freezer the parties owned or for the condition of the marital home, the court ordered her to seek life insurance, submit one-half of the proceeds from the freezer sale to the respondent's attorney, and reimburse Claudio for the expenses to clean and maintain the marital residence. The court also ordered her to obtain estimates on the needed repairs for the marital home. Claudio was thereafter required to file an emergency motion because Christy did not obtain the estimates as required. The court again ordered Christy to obtain the estimates and she again failed to comply, requiring Claudio to file an emergency motion to compel. On April 27, 2015, Christy was ordered to pay Claudio $3460 based on the March 20, 2015, contempt finding.

¶ 14    As the 508(b) petition further alleged, Christy was ordered to pay a fee due for preparation of the parties qualified domestic relations order, which she did not pay, and was held in contempt for her failure. Claudio was also forced to seek the court's intervention to comply with discovery requests and required to send subpoenas due to Christy's failure to comply with his requests and the court's directives. Although Christy complains that the awarded attorney fees include billings subsequent to the March 20, 2015, contempt finding, section 508(b) fees may be awarded for any failure to comply with the court's orders, not merely the conduct which is the subject of a contempt finding if the failure was without cause or justification. The trial court expressly found she could add later fees to the petition. Moreover, the statute allows an award of attorney fees where a "hearing under this Act was precipitated or conducted for any improper purpose." 750 ILCS

5/508(b) (West 2016). An improper purpose may include "harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." *Id.* Christy's reluctance or delay in complying with the court's orders and Claudio's discovery requests increased the cost of the proceedings and required Claudio to seek assistance from the court. He is entitled to have Christy pay for her conduct.

¶ 15    As cause and justification, Christy offers that her actions that resulted in contempt findings regarding the court's order about the children's immunizations were warranted where the children's physician had his license suspended. She further submits that she was unable to pay the various expenses ordered by the court because the financial compensation she was due under the judgment of dissolution was withheld from her and she lacked the funds to comply with the court's orders. She argues on appeal that the trial court failed to find that her actions were not justified. However, the trial court rejected her cause and justification arguments. Inherent in its ruling was the finding that she did not establish cause and justification. The trial court also found the requested fees to be reasonable and customary, noting the attorney's rate of $250 per hour was "cheap" for the community. See *In re Marriage of Powers*, 252 Ill. App. 3d 506, 510 (1993) ("the trial judge may rely on his own knowledge and experience when determining the value of services provided").

¶ 16    Christy also complains the court ordered fees for entries that were not adequately descriptive. We disagree. The billing statement provided by Breseman detailed the issue on which she worked and the time she spent performing the work. *In re Marriage of Osborn*, 206 Ill. App. 3d 588, 603 (1990) (concluding itemized account of time spent on the case was sufficient evidence on which to grant fee petition). The statement adequately described the work Breseman performed. We find the trial court did not err when it granted the section 508(b) fee petition and ordered Christy to pay $22,340.13 to Breseman, Claudio's former attorney.

¶ 17                                                            III. CONCLUSION

¶ 18          For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 19          Affirmed.