**Doris Sidwell, Plaintiff-Appellant, v. Roy Sidwell, Defendant-Appellee.**

**Doris Sidwell, Petitioner-Appellant, v. Roy Sidwell, Respondent-Appellee.**

**Gen. Nos. 10,668, 10,685. (Consolidated for Opinion Only.)**

Fourth District.

September 26, 1966.

Ryan & Heller, of Mattoon (Harlan Heller and John W. Huffman, of counsel), for appellant.

Massey, Anderson, Gibson & Pearman, of Paris, for appellee.

CRAVEN, J.

These two appeals were consolidated for opinion by order of this court. Both cases are by the same parties, Roy Sidwell and Doris Sidwell, who are husband and wife. The first appeal, No. 10,668, involves a divorce action brought by Doris Sidwell in Cumberland County, the county of her residence. The second appeal, No. 10,685, concerns a separate maintenance action subsequently brought by Doris Sidwell in Clark County, Roy Sidwell's then county of residence.

The Cumberland County proceeding is an appeal by the plaintiff and a cross-appeal by the defendant from a

decree entered by the circuit court denying relief to either party in the divorce action. The plaintiff, Doris Sidwell, first brought suit for divorce alleging extreme and repeated cruelty and adultery. The defendant, Roy Sidwell, counterclaimed for divorce alleging adultery. Thereafter the plaintiff attempted to amend her complaint by adding a count for separate maintenance. The court denied the plaintiff's motion to amend. Both parties now ask that the court's decree denying relief be reversed and that the court remand with directions to enter a decree of divorce in their favor.

Subsequent to the entry of the above decree, the plaintiff, Doris Sidwell, filed an action for separate maintenance in Clark County. The circuit court of Clark County granted the defendant's motion to dismiss under section 48(1)(c) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 48(1)(c)) because another action "between the same parties for the same cause" was on appeal. The plaintiff appeals this order.

The evidence in the Cumberland County divorce action constituted twenty-two witnesses' testimony concerning the conflicting allegations of the two parties. After the hearing was concluded, the trial court, in a letter to opposing counsel, informed them:

> "I have carefully considered the above matter which was completed last week and I cannot escape the conclusion that the plaintiff presented a preponderance of the evidence and it was sufficient to award her a divorce on the grounds of adultery. I will, therefore, enter a decree to this effect."

Thereafter the defendant filed a motion for rehearing alleging newly discovered evidence. The motion was granted. At the second hearing the defendant produced the following evidence:

1. An anonymous letter written to Larry Sidwell, the son of the parties, suggesting that one of the

137

witnesses could have amnesia or take an out-of-State vacation in payment of a fee of $400.

2. A statement given by the plaintiff's witness, Edgar Markwell, to the State's Attorney of Cumberland County on October 9, 1964, admitting authorship of the above letter.

3. The testimony of Mark Hunt concerning his conversation with Edgar Markwell on the same date wherein Markwell confirmed that he had lied under oath.

4. A written statement of Edgar Markwell on the same date wherein he admitted his testimony was false.

5. A statement made by plaintiff's witness, Christine Chapman, on October 17, 1964, stating that she based her identification of Roy Sidwell entering the apartment of Ernestine Perry upon "town gossip."

6. A criminal charge of solicitation to commit subornation of perjury to which Edgar Markwell pleaded guilty on October 13, 1964.

After the hearing the court, in a letter dated November 16, 1964, notified opposing counsel that:

"I have carefully considered the additional evidence presented by the defendant in the above entitled cause and after such consideration, it is my opinion that the testimony of the witness Markwell can be substantially ignored as a factor in the plaintiff's case. Without this evidence, I do not feel that there is sufficient evidence to support the plaintiff's contention, and I will therefore enter an order denying the petition for divorce, . . . ."

■ The issue presented is whether the testimony of the witness Markwell was properly impeached. The plaintiff alleges that no foundation was laid to impeach

Markwell's testimony and, therefore, the record, as presented at the original hearing, is controlling. The defendant argues that interest, bias or influence affecting a material witness' testimony may always be shown. (Citing Ill Rev Stats 1965, c 51, § 1.) We agree with this proposition. However the question is not what may be shown but how it is properly established. Here it is not the end but rather the means to that end that is in issue.

The defendant attempted to impeach the plaintiff's witness Markwell in two respects:

1. That he made subsequent inconsistent statements.
2. That he had a propensity to commit perjury.

 This was attempted to be done through extrajudicial statements which purported to convey the truth of the matter contained in the statement itself. This is the classic definition of "hearsay." 5 Wigmore, Evidence, § 1361 (2nd ed 1923). To be admissible as independent evidence the statement must qualify as an exception. To be admissible for impeachment purposes a proper foundation must be laid through the witness while under oath. People v. Perri, 381 Ill 244, 44 NE2d 857. These principles are outlined in the following rules (Gard, Illinois Evidence Manual):

> 484 (p 614)—"If the witness is a party to the action so that his statements are admissible against him as admissions, it is not necessary to lay a foundation on cross-examination by giving him an opportunity to admit, explain, or deny having made a former inconsistent statement. As to any other witness, such foundation is necessary before evidence of the inconsistent statement will be admissible."

> 485 (p 615)—"Where the former statement contradicting the testimony is in writing it must first be produced and shown to the witness so that he may

139

admit or deny having made or signed it, before it is admissible in evidence to impeach him."

We cannot accept the defendant's claim that the statements of the witness are admissions and could thus be received in evidence as an exception to the "hearsay rule." An "admission" has been defined as words or acts of a party-opponent offered in evidence against him. McNealy v. Illinois Cent. R. Co., 43 Ill App2d 460, 193 NE 2d 879. As such, they are received as original or substantive evidence. Woodruff v. Pennsylvania R. Co., 52 Ill App2d 341, 202 NE2d 113. The additional evidence received, relating to the testimony of the witness Markwell, was not an admission by a party to this proceeding nor by anyone authorized to speak for a party and, properly, could not have been received in evidence as an admission.

██ ██ We next turn our inquiry to the area of declarations against interest. We understand it to be the general rule that a declaration against the interest of the person making it is admissible, notwithstanding its hearsay character, if the declaration is relevant and the declarant has died or, for some other reason, is not available as a witness. 20 Am Jur, Evidence, § 556, at 467. Clearly, the evidence received, classified as newly discovered evidence, failed of qualification either as an admission or declarations against interest. It was pure hearsay and not falling within recognized exceptions, and could provide no substantial basis upon which to determine the respective rights of the parties to the controversy.

██ The record clearly establishes that the trial court considered this evidence in reaching his conclusions as to the final decree. We are aware that there is a presumption that the trial court would consider only the competent evidence. The record here, however, negatives the presumption by the affirmative recitation that the subsequently received incompetent evidence was the

basis for a determination of a close and controverted question. In view of this state of the record, it is necessary that the Cumberland County proceeding be reversed for a determination of the issues without consideration of the subsequently received evidence.

 The plaintiff also appeals the court's denial of her motion to amend the divorce complaint and add a count for separate maintenance. The defendant contends that Cumberland County was not the county of proper venue, as the defendant resided in Clark County at the time of the above proceedings. Section 22 of chapter 68, Ill Rev Stats 1963, establishes venue for separate maintenance action in the county of residence of the defendant. Our courts have held that an objection that the defendant is not a resident of the county where the action is brought goes to the jurisdiction of the court. Briney v. Briney, 223 Ill App 119. However, an objection to venue has been held to be waived where the defendant files an answer admitting residence in the county where the action was filed. Augenstein v. Augenstein, 275 Ill App 18. De Salvo v. De Salvo, 7 Ill App2d 16, 128 NE2d 594. In this case the defendant admitted residence in Cumberland County in his answer to the divorce complaint. Therefore, venue in that county was properly established for purposes of bringing the separate maintenance action by amendment to the divorce proceeding.

██ ██ The next issue presented is whether the plaintiff was entitled to amend her complaint, as a matter of right, and plead an additional count for separate maintenance in the same action. The Civil Practice Act should be liberally construed. (Ill Rev Stats 1963, c 110, §§ 4, 33(3).) Inconsistent causes of action may be pleaded in the alternative. (Ill Rev Stats 1963, c 110, § 43(2).) Urnest v. Sabre Metal Prods., Inc., 22 Ill App2d 172, 159 NE2d 512. However, whether or not to grant leave to amend under the circumstances of

each case rests within the sound discretion of the trial court. Village of Averyville v. City of Peoria, 335 Ill 106, 121, 122, 166 NE 488. Soltysik v. Soltysik, 317 Ill 247, 249, 148 NE 40. Buehler v. Buehler, 305 Ill App 609, 612, 613, 27 NE2d 1008. We recognize the desirability of one court's determining all the rights concerning the marital status of the parties before it.

██ ██ The trial court, as a matter of discretion, may or may not permit amendment, and in the absence of a showing of abuse of discretion, we must affirm the action taken. Here, however, the plaintiff was denied the right to amend and add a count for separate maintenance because the court determined that separate maintenance and divorce could not be joined. This is a misapprehension. It was error on this record to deny leave to file the amended and alternative complaint for separate maintenance.

██ The Clark County proceedings were properly dismissed and that court properly dismissed the separate maintenance suit. Our Civil Practice Act, § 48(1)(c) (Ill Rev Stats 1965, c 110, par 48(1)(c)), provides for a dismissal of an action when "there is another action pending between the same parties for the same cause." In construing this section, the court, in Skolnick v. Martin, 32 Ill2d 55, 57 (203 NE2d 428, 429, 430 (1965)), stated:

". . . . The section refers to 'the same cause,' not to the same 'cause of action,' and it has been held that actions are 'for the same cause,' when relief is requested on substantially the same state of facts. (Leven v. Birrell, 91 NYS2d 729, 731; cf. Meier v. Hilton, 257 Ill 174 [100 NE 520 (1913)]; Carlin v. City of Chicago, 262 Ill 564 [104 NE 905 (1914)]; James v. Langley, 323 Ill App 268 [55 NE2d 297 (1944)]; Marco v. Dulles, (DCNY) 177 F Supp 533, 549–550.) Measured by this test, the two actions here were 'for the same cause.' And in any case, we

have held that identity of cause of action depends upon identity of transaction or occurrence. Geneva Construction Co. v. Martin Transportation [sic, Transfer & Storage] Co., 4 Ill2d 273, 288 [122 NE2d 540, 548 (1954)]."

As we have observed, an action for divorce is a separate action from one for separate maintenance, but they are for the same cause and the relief requested relates to substantially the same state of facts.

It follows, therefore, that the Cumberland County appeal must be remanded for determination of the respective rights of the parties with directions to allow the filing of a count for separate maintenance, if renewed, and for such further proceedings consistent with the views herein expressed. The judgment of the circuit court of Clark County in dismissing the separate maintenance proceeding is affirmed.

Finally, in the Cumberland County proceeding, the defendant counterclaimed for divorce on the grounds of adultery, alleging that earlier-admitted adultery that had been condoned was revived by the subsequent marital misconduct of the plaintiff. The only evidence in the record on the subsequent marital misconduct is the testimony of the defendant. No useful purpose would be served in a recitation of this testimony. We find nothing in the record that would warrant this Court in disturbing the findings of the trial judge on this point. Day v. Day, 33 Ill App2d 247, 178 NE2d 203 (1961); Curran v. Curran, 19 Ill2d 164, 166 NE2d 13 (1960).

Judgment of the circuit court of Cumberland County affirmed in part, reversed in part, and remanded with directions; judgment of the circuit court of Clark County affirmed.

TRAPP, P. J. and SMITH, J., concur.