PATRICIA W. BOOTH, Plaintiff-Appellee, *v.* LEONARD J. BOOTH, Defendant-Appellant.

(No. 54705;

First District—March 24, 1971.

Leonard J. Booth, *pro se.*

Rinella & Rinella, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County, requiring the defendant to pay attorneys' fees and costs incurred as a result of defendant's prior appeal from an order modifying the divorce decree.

On June 6, 1967, a judgment for divorce was entered in favor of Patricia Booth against Leonard Booth. On July 24, 1968, an order was entered which relieved defendant, Leonard Booth, of the obligation to generally support and maintain each of his four children as they attained majority, but which required him to pay a certain sum per month toward the defrayal of costs and expenses of a college education. The order also required him to pay $350 in attorneys' fees.

Defendant appealed from that order, pleading inability to pay. This court modified the amount he had to pay toward college expenses but found he had the duty and ability to pay the attorneys' fees. (*Booth v. Booth* (1970), 122 Ill.App.2d 1.) The attorney for plaintiff then filed a petition for fees and reimbursement for expenses totaling $1653 and $103 costs for the defense of the appeal. The trial court allowed the petition and entered an order on October 31, 1969. Defendant's motion to vacate the order was denied on November 18, 1969, and defendant again appeals to this court.

Specifically, defendant claims he was prejudiced because the petition was filed late, it was notarized by someone no longer a notary, his notice for the production of plaintiff as a witness and for a document was not complied with, thus depriving him of his right of discovery, the trial court had no jurisdiction to award fees, the allowance of attorneys' fees was unjustified, and his inability to pay.

■■ We find his complaints with regard to the petition are not significant. He was not prejudiced by the late filing, the same being only a few days late, for he had ample time to reply; in fact, his reply was filed prior to the filing of the petition, proving he had a copy of the petition before it was filed. The fact the commission of the notary had expired it not fatal. "A person acting as a notary under color of authority, with public acquiescence, will be held to be a notary *de facto*, and as to the public and third persons his acts are valid and cannot be attacked collaterally. It does not matter whether disqualification or complaint against his act is that he is ineligible for any reason, or because of the fact that he is a hold-over, or has failed to take the oath of office or otherwise comply with the directory provisions of the statute." *People v. Severinghaus* (1924), 313 Ill. 456, 469.

■■ Neither can the failure to produce the witness and document be said to be prejudicial. The facts he hoped to show by plaintiff's presence

were already well known to the court, and he waived whatever right he had when he failed to request or use any of the remedies available to him to enforce his notice. The position of the defendant was not materially altered by the irregularities of the petition, therefore there is no error which would require reversal. (*Both v. Nelson* (1964), 31 Ill.2d 511, 514.) In that case the court said:

> "It is not every error, of course, which will require a reversal. Where it appears that an error did not affect the outcome below, or where the court can see from the entire record that no injury has been done, the judgment or decree will not be disturbed."

■■ The defendant contends the court did not have jurisdiction to award fees on the appeal because "the matter is not the divorce suit nor is the appeal an attack upon the decree." The applicable statute is Ill. Rev. Stat., ch. 40, par. 16:

> "In case of appeal by the husband or wife, the court in which the *decree or order* is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper." (Emphasis supplied.)

The language "decree or order" indicates the legislature contemplated that fees could be awarded in situations other than an appeal from the decree itself. The cases are in accord. In *Mabbatt v. Mabbatt* (1967), 78 Ill.App.2d 455, 459, the court said:

> "Defendant also argues that attorney fees were improperly awarded to the plaintiff. Defendant asserts that 'the power of the court to grant attorney's fees rests on Section 15 of the Divorce Act (Ill. Rev. Stat., 1965, ch. 40, par. 16); that by its terms the right granted by the statute is limited to services rendered in connection with the marital relation, not for services rendered after that status has been terminated by the original decree.' In further support of his argument defendant asserts that it was plaintiff who initiated the action to modify the divorce decree. Contrary to defendant's contention, attorney fees can be awarded to a divorced wife in subsequent proceedings to modify the decree under proper circumstances. *Martin v. Martin,* 332 Ill.App. 661, 76 N.E.2d 353."

The question of defendant's ability and duty to pay has been established both in the trial court and on appeal. *Booth v. Booth* (1970), 122 Ill.App.2d 1. His finances are now strained because of alimony and child support payments and because he has chosen to remarry and undertake the expenses of a new household. His pattern of appealing every final order and then pleading inability to pay the cost of the appeals is not to be condoned when his arguments have already been liti-

gated and determined. He has made repeated motions and then appeals the orders. Although he has appeared *pro se*, he is well aware of the attorneys' fees and costs accumulated by the plaintiff. In the similar case of *Riddlesbarger v. Riddlesbarger* (1950), 341 Ill.App. 107, 119, the court said:

"Riddlesbarger's attitude and conduct after the entry of the decree made the rendition of these services necessary. Mrs. Riddlesbarger had no choice in the matter, and her counsel diligently defended the decree and took all the steps necessary to enforce payment. Under the circumstances it would be an injustice to hold that she should defray these costs and expenses herself."

■■ Defendant should not be precluded from prosecuting whatever appeals he thinks proper, but he must bear the attorneys' fees, expenses and costs of the plaintiff if he persists in litigating.

For the reasons stated, the order of the trial court is affirmed.

Order affirmed.

ADESKO, P. J., and BURMAN, J., concur.