Doris Sidwell, Plaintiff-Appellee, *v.* Roy Sidwell, Defendant-Appellant.
(No. 12672;

Fourth District—May 22, 1975.

*Rehearing denied June 17, 1975.*

Glenn & Logue, of Mattoon (Ralph D. Glenn, of counsel), for appellant.

Harlan Heller, Ltd., of Mattoon (Harlan Heller and William E. Larrabee, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

In 1964, the parties sought a divorce from each other. They have been in court almost continuously since then. This is the third appeal. A brief review of the history of this litigation will be useful to place the parties' contentions in perspective.

The wife filed a complaint for divorce in 1964. The husband filed a counterclaim. The trial court denied a divorce to either. The wife appealed and this court reversed and remanded. *Sidwell v. Sidwell*, 75 Ill.App.2d 133, 220 N.E.2d 479.

After remandment, the trial court again denied the wife a divorce. However, the husband obtained a divorce in Arkansas in 1967. In 1968, Mrs. Sidwell filed suit seeking, among other requests, to settle property disputes, rights to alimony and attorneys fees. She had also requested such relief in the first complaint in 1964. Mrs. Sidwell's complaint was dismissed, upon Mr. Sidwell's motion. She appealed. In *Sidwell v. Sidwell*, 132 Ill.App.2d 1055. 271 N.E.2d 115, this court held that she was entitled to have adjudicated her rights arising out of the dissolution of the marriage.

Other issues were involved in those appeals but are not pertinent to the resolution of this case.

Subsequent to our reversal and remandment on the second appeal, Mrs. Sidwell filed her amended complaint. In that complaint she alleged special equities in defendant's property and requested conveyance under

section 17 of the divorce act (Ill. Rev. Stat. 1971, ch. 40, § 18). She also requested alimony under section 18 (Ill. Rev. Stat. 1971, ch. 40, § 19) and attorneys fees under section 15 (Ill. Rev. Stat. 1971, ch. 40, § 16).

Defendant answered and included in his answer was a demand for jury trial. Plaintiff, Mrs. Sidwell, moved for summary judgment. Defendant did not reply to this. The court granted summary judgment on the special equities claim. He ordered defendant to convey to his ex-wife 125 acres of farmland, title to which had been solely in defendant's name. This occurred on July 21, 1972, at which time the court also struck defendant's jury demand. Other questions were reserved.

On March 4, 1974, the court heard evidence in relation to attorneys fees and awarded $20,000 to the wife. The wife at that time waived her alimony claim.

Defendant husband has appealed, raising these issues: (1) Whether the Arkansas court which granted the divorce had jurisdiction over the property claims, thereby excluding Illinois courts' jurisdiction; (2) Whether summary judgment on the special equities claim was improper; (3) Whether defendant has a right to jury trial on the issues raised in the complaint; (4) Whether the attorneys fees were improper and excessive; (5) Whether the court's finding of special equities was against the manifest weight of the evidence.

In the second *Sidwell* appeal, this court said:

"The wife, in her proposed amended complaint, alleges that the husband secured an Arkansas divorce. As the pleadings now stand, the parties are committed to the validity of the Arkansas divorce. Upon the authority of *Schwarz* [*Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673] the wife may bring an action for the determination of equities in property and of alimony and attorneys fees where the marital status has been determined by a valid *ex parte* foreign decree, but such latter court was without personal jurisdiction to determine equities in property or alimony.

\* \* \* The order of the trial court in denying the wife leave to file an amended complaint seeking a division of the property, alimony and attorney fees is reversed and this cause is remanded with direction that the motion to file such amended complaint be granted." (*Sidwell v. Sidwell*, 132 Ill.App.2d 1055, 1058, 271 N.E. 2d 115, 118.)

After remandment, defendant contended in the trial court, and contends here, that plaintiff's complaint should nonetheless have been dismissed because the Arkansas divorce was not, in fact, ex parte. He bases his argument on a special appearance by the wife [defendant in the Arkansas action] contesting the jurisdiction of the Arkansas court on the grounds

that a similar action was pending in Illinois. He would have us find that this was a general appearance by his wife, which gave the Arkansas court personal jurisdiction and precluded her from seeking the relief she has sought in Illinois courts.

In the second *Sidwell* appeal, the question directly presented to this court was whether the trial court could adjudicate the rights which arose upon dissolution of the marriage. In that appeal, defendant contended the trial court did not have jurisdiction, although he did not rely on the exact grounds presented here. Defendant could have raised the issue he presents at any time since the 1967 divorce. He did not choose to do so until one appeal and numerous court appearances later.

■■ The issue of the trial court's jurisdiction has already been finally adjudicated. It cannot again be raised by defendant at this late date.

> "A court's jurisdiction having been once attacked, the former adjudication precludes the raising of the question again. (*Chicago Title and Trust Co. v. National Storage Co.*, 260 Ill. 485, 103 N.E. 2d 227.) The doctrine of *res adjudicata* and estoppel applies not only to all matters that were litigated, but to all others that might have been presented in that proceeding. Cases will not be entertained and tried piece-meal." *Chamblin v. Chamblin*, 362 Ill. 588, 592, 1 N.E.2d 73, 74-75.

■■ Unfortunately some cases must be "entertained" repeatedly. However, once a question has been determined on appeal, just as it cannot be attacked collaterally in a later proceeding, it cannot be attacked in a later appeal. The doctrine of res judicata is fully applicable and precludes defendant from raising this issue.

In any case, the Arkansas decree itself clearly states its ex parte nature. It states "* * * Said Defendant [Plaintiff here] has failed to enter an appearance in this cause or defend." The decree was entered at the husband's request. We see no need to decide whether this was a special or general appearance under Arkansas law, when the Arkansas court itself found that the wife did not appear.

Defendant contends that it was not proper for the trial court to decide the special equities question on summary judgment.

■■ Summary judgment is proper only when the issue is determinable solely as a question of law. The court may not, on the motion for summary judgment, draw fact inferences. Such inferences may be drawn only on trial. (*State Farm Mutual Auto Insurance Co. v. Short*, 125 Ill. App.2d 97, 260 N.E.2d 415.) We are not unmindful of the fact that the same trial judge has heard these parties, since the first complaint was filed in 1964. At that time there was a trial and evidence was heard on this issue of special equities. That evidence could properly be considered

by the court. *Klebba v. Klebba*, 108 Ill.App.2d 32, 246 N.E.2d 681.) However, that evidence was conflicting in regard to facts which go to the special equities issue. Mrs. Sidwell had testified that she had contributed her own monies to household expenses, thereby freeing her husband's funds for use in purchasing land. This could properly be the basis for allowing a special equities claim. (*Everett v. Everett*, 25 Ill.2d 342, 185 N.E.2d 201.) Mr. Sidwell denied that his wife had contributed to any great extent. Since a fact question is presented, summary judgment is not the proper procedure.

Plaintiff contends that defendant cannot attack this procedure when he did not traverse the motion in the trial court. She cites several cases which stand for the proposition that facts well pleaded, and not controverted by counterallegations or affidavits, stand admitted. However, there is a crucial difference between the cases plaintiff cites and the case at bar. In those cases the facts well pleaded left but one conclusion so that the question was one of law not fact. (See *Glen View Club v. Becker*, 113 Ill.App.2d 127, 251 N.E.2d 778.) In the case at bar, the motion had reference to the proceedings in which evidence was taken and that evidence was conflicting, so that a question of fact, not law, was presented.

Since summary judgment was improper, this cause must be remanded. As stated above, the trial judge may consider the evidence previously taken on the special equities issue plus other evidence the parties may present, although that evidence would of course be limited to events prior to 1964 when the parties separated.

In view of the protracted litigation and bitterness of the parties towards each other we will consider the other issues raised, in hope that no more appeals will be necessary.

Defendant filed a jury demand with his answer. Upon motion of plaintiff, the trial judge struck the demand. Defendant contends, on appeal, that he has the right to a jury trial on the issues of alimony, attorneys' fees and special equities.

Section 7 of the divorce act (Ill. Rev. Stat. 1971, ch. 40, § 8) states: "When the defendant appears and denies the charges in the plaintiff's complaint for a divorce, either party shall have the right to have the cause tried by a jury."

Plaintiff has not filed for a divorce. She has acknowledged the validity of the 1967 Arkansas decree. Her complaint is concerned solely with alimony, property division and attorneys fees under sections 15, 17, and 18 of the act (Ill. Rev. Stat. 1971, ch. 40, §§ 16, 18, 19). Those sections do not authorize a jury trial.

● 6 Defendant has no common-law right to a jury trial. These actions

have traditionally been chancery actions. Therefore the right arises only if it is expressly conferred by statute. Section 8 refers only to a jury trial on the divorce complaint, not upon other questions which arise from a dissolution of the marriage. Examination of those sections upon which plaintiff's complaint is based do not refer to a jury's determination. Instead each section expressly makes reference to "the court" as the one who determines these questions.

Section 63 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 63) allows the court, in its discretion, to permit an issue in an equity case to be tried by a jury. The verdict rendered by such a jury is advisory and may be wholly disregarded by the court. (*Riehl v. Riehl*, 247 Ill. 475, 93 N.E. 318.) Denial of the jury demand is not error in the absence of an abuse of discretion. (*Houston v. Brackett*, 38 Ill.App.2d 463, 187 N.E.2d 545.) We see no abuse here.

Defendant also contends that attorneys' fees of $20,000, which the trial court ordered Mr. Sidwell to pay, were improper and excessive.

Attorneys' fees were awarded pursuant to section 15 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, § 16). That section allows attorneys' fees to be awarded in the discretion of the court, as are just and equitable, regardless of the disposition of the case. Only an abuse of discretion would warrant our interfering with the award. *Ylonen v. Ylonen*, 2 Ill.2d 111, 117 N.E.2d 98.

Fees may properly be awarded for expenses which are related to disposition of property and alimony questions, as well as the divorce itself. (*Cross v. Cross*, 5 Ill.2d 456, 125 N.E.2d 488.) Fees for appeals may be awarded. *Kaput v. Kaput*, 66 Ill.App.2d 270, 214 N.E.2d 319.

Defendant argues that fees awarded for expenses incurred prior to the 1967 Arkansas divorce are improper. He argues that the property and alimony issues constitute a new cause of action only arising since 1967. This ignores the fact that these issues were present since the first complaint was filed in 1964.

■■ Fees were awarded in this case for the attorney's efforts on behalf of Mrs. Sidwell from 1964 to 1974. Testimony was heard by the trial judge and defendant offered no evidence in opposition. The allowance depends on the unique characteristics of each case. Many hours and numerous proceedings which included two appeals to this court were involved. We find no abuse of discretion. *Debrey v. Debrey*, 132 Ill.App.2d 1072, 270 N.E.2d 43.

Plaintiff urges that attorneys fees should be awarded for defense of this appeal. That is a matter of discretion to be determined by the trial court upon remandment.

For the reasons expressed above, the judgment of the circuit court

awarding $20,000 attorneys fees is affirmed. The summary judgment is reversed and the cause remanded for determination of the special equities and alimony issues.

Affirmed in part, reversed in part and remanded.

TRAPP and GREEN, JJ., concur.