DORIS SIDWELL, Plaintiff-Appellant, *v.* ROY SIDWELL, Defendant-Appellee.

Fourth District   No. 14250

Opinion filed March 3, 1978.—Rehearing denied April 4, 1978.

Harlan Heller, Ltd., of Mattoon (Harlan Heller, of counsel), for appellant.

Ralph D. Glenn, of Glenn and Logue, of Mattoon, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In 1975, upon the third appeal of this continuing, bitter dispute, we expressed the hope that that appeal would terminate this litigation. We noted:

> "In view of the protracted litigation and bitterness of the parties towards each other we will consider the other issues raised, in hope that no more appeals will be necessary." *Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 584, 328 N.E.2d 595, 599.

The opening paragraphs of the 1975 opinion give a concise history of this seemingly endless litigation.

> "In 1964, the parties sought a divorce from each other. They have been in court almost continuously since then. This is the third appeal. A brief review of the history of this litigation will be useful to place the parties' contentions in perspective.
>
> The wife filed a complaint for divorce in 1964. The husband filed a counterclaim. The trial court denied a divorce to either. The wife appealed and this court reversed and remanded. *Sidwell v. Sidwell*, 75 Ill. App. 2d 133, 220 N.E.2d 479.
>
> After remandment, the trial court again denied the wife a divorce. However, the husband obtained a divorce in Arkansas in 1967. In 1968, Mrs. Sidwell filed suit seeking, among other requests, to settle property disputes, rights to alimony and attorneys fees. She had also requested such relief in the first complaint in 1964. Mrs. Sidwell's complant was dismissed, upon Mr. Sidwell's motion.

She appealed. In *Sidwell v. Sidwell*, 132 Ill. App. 2d 1055, 271 N.E.2d 115, this court held that she was entitled to have adjudicated her rights arising out of the dissolution of the marriage.

Other issues were involved in those appeals but are not pertinent to the resolution of this case.

Subsequent to our reversal and remandment on the second appeal, Mrs. Sidwell filed her amended complaint. In that complaint she alleged special equities in defendant's property and requested conveyance under section 17 of the divorce act (Ill. Rev. Stat. 1971, ch. 40, §18). She also requested alimony under section 18 (Ill. Rev. Stat. 1971, ch. 40, §19) and attorneys fees under section 15 (Ill. Rev. Stat. 1971, ch. 40, §16).

Defendant answered and included in his answer was a demand for jury trial. Plaintiff, Mrs. Sidwell, moved for summary judgment. Defendant did not reply to this. The court granted summary judgment on the special equities claim. He ordered defendant to convey to his ex-wife 125 acres of farmland, title to which had been solely in defendant's name. This occurred on July 21, 1972, at which time the court also struck defendant's jury demand. Other questions were reserved.

On March 4, 1974, the court heard evidence in relation to attorneys fees and awarded $20,000 to the wife. The wife at that time waived her alimony claim.

Defendant husband has appealed, raising these issues: (1) Whether the Arkansas court which granted the divorce had jurisdiction over the property claims, thereby excluding Illinois court's jurisdiction; (2) Whether summary judgment on the special equities claim was improper; (3) Whether defendant has a right to jury trial on the issues raised in the complaint; (4) Whether the attorneys fees were improper and excessive; (5) Whether the court's finding of special equities was against the manifest weight of the evidence." 28 Ill. App. 3d 580, 581-82, 328 N.E.2d 595, 596-97.

In *Sidwell*-third, this court reversed and remanded for determination of the special equities and alimony. The case is now back here on its fourth visit. The trial court did hold a hearing upon the issue of special equities, alimony and attorney fees for the third appeal and through that date.

We see no need to recite the evidence before us upon the various issues.

Upon the issue of attorney fees, the trial court clearly denied fees, not as a matter of discretion, but rather upon his conclusion that the outcome of the litigation was determinative of the right to a fee. There is no prohibition against awarding fees to an unsuccessful litigant. Upon this

record, fees should have been awarded the attorney for the wife. Upon remand, and without further hearings, such award is to be entered.

Neither party challenges the fact that this is a proper case for alimony in gross. The amount, not the fact of the award in gross, seems to be the issue in this appeal by the plaintiff.

In the last appeal, this court stated that the record then was adequate to establish special equities. The error in that appeal was the allowance of summary judgment upon the issue. We then stated that upon remand, "the trial judge may consider the evidence previously taken on the special equities issue plus other evidence the parties may present, although that evidence would of course be limited to events prior to 1964 when the parties separated." 28 Ill. App. 3d 580, 584, 328 N.E.2d 595, 599.

The trial court obviously considered other matters. In a letter to counsel, he stated:

"This is to advise you as to my decision in the above matter which we heard in Coles County a few days ago.

If I am correct in my interpretation of the last opinion of the Appellate Court, the only remaining problems in connection with the above matter are the problems of Mrs. Sidwell's request for determination of her equitable interest in Mr. Sidwell's property and the disposition of Mrs. Sidwell's petition for attorney's fees in connection with the recent appeal.

Mrs. Sidwell has maintained that the proper determination of her rights in Mr. Sidwell's property is the one made by me several years ago. I do not feel that we can ignore the passage of time, the change in Mr. Sidwell's financial affairs, and the information with regard to the nature of equitable interest in these cases which has recently been made available to me. To be brief, I am of the opinion that the cases cited by you are appropriate in the determination of this matter and I can only express regret that this information was not available to me at the time I suggested the first division. I am of the opinion that Mrs. Sidwell is entitled to an award of alimony in gross and I feel that the suggestion made by you with regard to the so-called 'Lacey' tract is an appropriate award. The only objection to your suggestion was that it was not consistent with the original distribution. I am therefore assuming that the tract itself, along with the house situated thereon, is substantially as it was represented by you to be.

With regard to Mrs. Sidwell's request for attorney's fees, I do not think that any award would be appropriate in view of the fact that my decision was reversed by the Appellate Court. Certain portions of my decision were affirmed but I cannot find any justification for

requiring Mr. Sidwell to pay the costs of an appeal which he took to correct an error that had resulted in a substantial loss to him. I will have to deny Mrs. Sidwell's request for attorney's fees.

I would appreciate your preparing an order reflecting the suggestions I have made herein."

The cumulative records in this litigation in the courts of this State since 1964 establish a basis for a finding of special equities. It was error to consider events subsequent to the separation upon the issue of special equities.

At the time of oral argument counsel agreed that this litigation should end. Both requested that this court, pursuant to Rule 366(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)), enter an appropriate order and asked that the case not be remanded. We agree with the wish for termination and consider the existence of the power to act even though such action would involve some original jurisdiction.

We conclude that the trial court as and for alimony in gross and special equities must enter an order providing an equal division of the property and liabilities applicable thereto acquired during the marriage. If the parties can agree, well and good. If they cannot agree upon such division, each shall submit to the trial court a plan for division into equal shares. The court shall then order one or the other of the plans approved. The party whose plan is not ordered approved shall have first choice of either half provided for in the plan submitted and ordered approved. The trial court shall thereupon cause such deeds or other instruments executed as may be necessary to effectuate the division. The parties are to pay their own attorneys' fees for this appeal, each to pay one-half the costs relative to this appeal.

Reversed and remanded with directions.

REARDON, P. J., and SLATER, J., concur.