ROLLIN L. TIPPET, JR., Plaintiff-Appellant, *v.* BARBARA E. TIPPET, n/k/a Barbara E. Spector, Defendant-Appellee.

Second District   No. 76-455

Opinion filed November 29, 1978.—Rehearing denied December 28, 1978.

Anthony Intini, III, of Chicago, for appellant.

Kenneth J. Glick, of Overholser, Ray, Flannery & Glick, of Libertyville, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Rollin L. Tippet, Jr., and Barbara E. Tippet (now known as Barbara E. Spector) were divorced by a decree entered on February 4, 1969; the decree incorporated the terms of a written marital settlement agreement in which Rollin L. Tippet, Jr., agreed to make specified child support payments and to assume certain medical and educational benefits of the children. It is undisputed that for a period commencing in 1971, until after this appeal was filed, Rollin L. Tippet, Jr., failed to comply with certain provisions of the decree and related orders. As a result, Barbara E. Tippet filed a series of petitions for rules to show cause, commencing with a petition filed on August 11, 1971. The trial court entered a number of orders assessing arrearages in support and other payments owing under the decree and on August 3, 1976, the court entered an order requiring Rollin L. Tippet, Jr. to pay a "total delinquency" of $6,476.20, which included interest in the amount of $63.20 on an arrearage assessed by the court and reduced the judgment in an order dated July 19, 1974. The order of that date had provided that the then existing arrearage would draw interest at 8%, after execution, with execution stayed until June 15, 1975. Interest under the court's order of August 3, 1976, was therefore assessed at 8%, a rate in excess of the 5% rate of interest on judgments provided for under the statute in force at the time. (Ill. Rev. Stat. 1975, ch. 74, par. 2.) Then, on October 29,

1976, the court ordered Rollin L. Tippet, Jr. to pay Barbara E. Tippet the sum of $3,274 in attorney fees.

Rollin L. Tippet, Jr., appeals from the trial court's orders of August 3, 1976, and October 29, 1976, contending that (1) the trial court's assessment of interest at the rate of 8% per annum was in excess of the interest provided by statute and therefore was unlawful; (2) that the trial court erred in awarding attorney fees to Barbara E. Tippet since there was no showing that she was unable to pay her own fees and (3) that the attorney fees awarded under the court's order of October 29, 1976, are unwarranted and excessive.

■■ In regard to the contention that the trial court erred in computing interest at 8% in the order of August 3, 1976, on the arrearage assessed under the order of July 19, 1974, we note that any arrearage was fully paid on March 24, 1977. Thus, the scope of the question regarding interest on the arrearages under the court's order of July 19, 1974, is limited to a period of June 15, 1975, to May 24, 1977. Apart from providing for such interest, we observe that the original judgment order of July 19, 1974, had a provision which was quite beneficial to Rollin L. Tippet, Jr., since it provided for a stay of execution on the judgment of almost a year. Rollin L. Tippet, Jr., did not appeal from the order of July 19, 1974, but instead accepted the benefit of the stay granted by that order. In fact, it appears that no issue regarding the rate of interest provided under the order of July 19, 1974, was ever raised in the trial court. It is axiomatic that "* * * issues, questions, points, or contentions not presented in the trial court and properly preserved for review will not be considered on appeal." (2 Ill. L. & Prac. *Appeal & Error* §181 (1953).) In view of Rollin L. Tippet's failure to appeal from the order of July 19, 1974, his acceptance of the benefit of that order and his failure to raise the issue in the trial court, we decline to consider the question of whether the trial court erred in providing for an 8% interest rate.

■■ Rollin L. Tippet's contention that the trial court erred in awarding any attorney fees to Barbara E. Tippet, since there was no showing that she was financially incapable of paying her own fees, is also without merit. When it becomes necessary for a party to go into court in order to enforce rights under a decree of divorce, the party who is thus forced to resort to judicial process to secure compliance with the terms of the decree is entitled to reasonable attorney fees. (*Walters v. Walters* (1951), 409 Ill. 298; *Doggett v. Doggett* (1977), 51 Ill. App. 3d 868; *Gaines v. Gaines* (1969), 106 Ill. App. 2d 9.) In this case, Barbara E. Tippet's attorney fees were occasioned by Rollin L. Tippet's failure to comply with the terms of the decree and the trial court was clearly justified in awarding fees, even absent a showing that Barbara E. Tippet was unable to pay her own counsel.

However, Rollin L. Tippet's final contention presents a more difficult

question. Although he argues on appeal that the fees awarded by the trial court are excessive, his trial counsel stipulated that the hourly rate of $50 per hour, upon which the trial court's award of attorney fees was based, was the reasonable and customary rate for attorney fees in Lake County. Then, when counsel for Barbara E. Tippet introduced his records of the number of hours he had spent working on this matter, counsel for Rollin L. Tippet, Jr., declined to cross-examine, noting that the petition for fees was verified. The trial court's order thus recites that the hours and costs expended in the enforcement of the court's decree and orders "were uncontested and taken as accurate." In substance, the trial court simply multiplied the stipulated hourly rate times the number of hours counsel had spent on the matter, in arriving at the sum of $3,274, which was the amount awarded counsel for Barbara E. Tippet.

■■■ While we cannot fault the trial court's mathematics, after a review of the record as a whole, we are convinced that an award of $3,274, is excessive under the circumstances of this case. As the court noted in *Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 39:

"* * * 'It has been the rule in this state for many years that courts will not be bound by the opinion of attorneys as to what constitutes reasonable attorneys' fees'."

The trial court's responsibility in determining fees is not fulfilled merely by inquiring into the number of hours which counsel had devoted to the matter in question. (See *Welsh v. Welsh* (1976), 38 Ill. App. 3d 35; see also cases collected in Annot., 57 A.L.R.3d 475, 491-95 (1974).) Instead, the court should, in light of its own experience, consider a wide spectrum of factors in determining attorney fees: the "* * * skill and standing of the attorney employed, the nature of the cause, and the novelty and difficulty of the questions at issue; the amount and importance of the subject matter; the degree of responsibility involved in the management of the cause; the time and labor required; the usual and customary charge in the community; and the benefits resulting to the client." (*Collins v. Collins* (1977), 47 Ill. App. 3d 258, 263.) Here, we can perceive nothing novel or difficult about the issues posed in the cause and there is nothing in the record regarding the standing and experience of Barbara E. Tippet's counsel. It does not appear that counsel for Barbara E. Tippet assumed any unusual degree of responsibility in the handling of the matter. The fees awarded were in an amount representing roughly one-half of the "benefit" passing to Barbara E. Tippet. Yet, there is nothing in the record to indicate that the trial court considered any of these factors in awarding fees.

■■ Therefore, the trial court's order herein of October 29, 1976, awarding $3,274 in attorney fees to counsel for Barbara E. Tippet is reversed and the cause remanded for a further hearing to determine a reasonable fee for

counsel for Barbara E. Tippet, in light of the considerations set forth in this opinion, and such other factors as the trial court may deem appropriate in determining fees.

The trial court's order of August 3, 1976, is affirmed.

Affirmed in part; reversed and remanded in part, with directions.

GUILD and NASH, JJ., concur.