DORIS SIDWELL, Plaintiff-Appellee, *v.* ROY SIDWELL, Defendant-Appellant.

Fourth District    No. 17128

Opinion filed November 25, 1981.

Kennith W. Blan, Jr., of Blan Law Offices, of Danville, for appellant.

Harlan Heller, of Harlan Heller, Ltd., of Mattoon, for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

We are confronted with the fifth chapter in the Sidwell saga. We hope our decision will bring an end to the Fourth District's version of *Jarndyce v. Jarndyce*.

To avoid an unduly long opinion, we will confine our discussion of the facts to Sidwell IV (*Sidwell v. Sidwell* (1978), 58 Ill. App. 3d 33, 373 N.E.2d 814) and the present case. An excellent summary of the early history of this litigation may be found in Mr. Justice Simkins' opinion in *Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 328 N.E.2d 595.

In Sidwell IV, this court attempted to insure that Sidwell IV would be the final chapter in this bitter litigation. We concluded:

"[T]he trial court as and for alimony in gross and special equities must enter an order providing an equal division of the property and liabilities applicable thereto acquired during the marriage. If the parties can agree, well and good. If they cannot agree upon such division, each shall submit to the trial court a plan for division into equal shares. The court shall then order one or the other of the plans approved. The party whose plan is not ordered approved shall have first choice of either half provided for in the plan submitted and ordered approved. The trial court shall thereupon cause such deeds or other instruments executed as may be necessary to effectuate the division." (58 Ill. App. 3d 33, 36, 373 N.E.2d 814, 817.)

We also ordered that the trial court enter an order granting attorney fees to Mrs. Sidwell upon remand without further hearing.

Mr. Sidwell petitioned for a rehearing. His petition was denied. He then petitioned to the supreme court for leave to appeal. The supreme court denied his petition. The mandate of this court was issued on October 24, 1978.

On May 1, 1979, the trial court entered an order which made a division of the property and awarded attorney fees to Mrs. Sidwell. Mr. Sidwell filed a motion to vacate the order on May 18, 1979. The motion was granted. The trial court entered a second order on March 31, 1980, confirming a plan submitted by Mrs. Sidwell. Mr. Sidwell filed a motion to vacate that order on April 18, 1980. A hearing was held on the motion on May 29, 1980. The trial court allowed the motion to vacate and directed both parties to submit plans of distribution before June 24, 1980.

After this point, the record becomes somewhat murky. Apparently, an order was entered on August 27, 1980, confirming a plan submitted by Mrs. Sidwell. The docket sheet indicates that a "Judgment Order" was entered on September 2, 1980. Mr. Sidwell filed a motion to vacate the order on September 25, 1980. A hearing was held on October 21, 1980.

At the hearing, Mr. Sidwell argued that the plan submitted by Mrs. Sidwell and approved by the trial court was clearly not in compliance with the mandate of this court. If the motion to vacate was allowed, Mr. Sidwell contended, he would try to formulate a plan. Finally, Mr. Sidwell claimed that he had no notice of the entry of the order. The trial court rejected Mr. Sidwell's arguments and denied his motion to vacate. The trial court stated that the order of August 27 contemplated that a further order would be entered. The trial court entered an order on October 21, 1980, which provided the following:

(1) Roy Sidwell will be charged with the value of all cash in bank, livestock, grain, machinery, equipment and miscellaneous assets appearing in defendant's exhibit No. 3 (a financial statement of Sidwell dated March 19, 1964).

(2) Roy Sidwell will pay all liens, mortgages and encumbrances on the real estate other than is shown on the financial statement of March 19, 1964.

(3) Roy Sidwell will pay all obligations shown on the financial statement of March 19, 1964.

(4) Roy Sidwell will receive 160 acres.

(5) Roy Sidwell will pay to himself a sum equal to the amount described in (1) above.

(6) Doris Sidwell will receive 133½ acres of land free and clear of all liens and encumbrances plus $3,818.03 in cash.

(7) Roy Sidwell will pay Doris Sidwell one-half of the net income from the 133½ acres for 1979 and all the net income from the 133½ acres in 1980. Roy Sidwell will pay all real estate taxes.

Mr. Sidwell filed a post-trial motion on November 19, 1980. A hearing on the post-trial motion and on a motion by Mrs. Sidwell for attorney fees was held on January 27, 1981. The trial court entered an order on March 16, 1981, denying Mr. Sidwell's post-trial motion and granting Mrs. Sidwell's motion for attorney fees. Mr. Sidwell filed his notice of appeal on April 14, 1981.

The idea behind the mandate in Sidwell IV was that allowing each side to submit a plan, with first choice going to the party whose plan was not adopted, would ensure that the division of the property was fair to both parties. For this plan to work, both sides had to be willing to cooperate with the trial court and had to make a good-faith effort to comply with the appellate court's mandate. We note that defendant has made no attempt to comply with the mandate of this court issued in Sidwell IV. He has never submitted a plan of his own for the trial court's consideration, nor has he ever chosen a portion of one of the plans submitted by Mrs. Sidwell and approved by the trial court. He has chosen instead to attempt to delay and hinder, for as long as possible, an equitable division of the parties' property.

Mrs. Sidwell has submitted three separate plans to the trial court since the remand. Mr. Sidwell was able to persuade the trial court to vacate orders adopting the first two plans. His strategy failed when the trial court refused to vacate an order confirming a third plan submitted by Mrs. Sidwell. He now complains that the plan adopted is not in compliance with our mandate issued in Sidwell IV.

■■ It is a time-honored maxim of equity that he who seeks equity must do equity. (*Horney v. City of Springfield* (1957), 12 Ill. 2d 427, 147 N.E.2d 58.) Mr. Sidwell's wilful and contumacious behavior, aimed solely at hindering an equitable distribution of property, prevented the trial court from fully complying with the mandate of Sidwell IV. Therefore, we decline to grant him relief from a situation he himself has created.

Furthermore, the order of the trial court entered October 21, 1980, is in reasonable compliance with the mandate issued in Sidwell IV. The order provides for a just and reasonable disposition of the parties' property and we have no quarrel with the disposition ordered.

Mr. Sidwell also contends that the trial court erred in awarding attorney fees to Mrs. Sidwell's attorney. We disagree. In Sidwell IV, we directed the trial court to enter an order awarding attorney fees without further hearing. On remand, Mrs. Sidwell petitioned the trial court to enter such an order. Mr. Sidwell filed an answer to the petition. On August 19, 1979, the trial court entered an order requiring Mr. Sidwell to pay Mrs. Sidwell's attorney the sum of $6,567.50 plus interest from April 25, 1979. The money was not paid. On March 31, 1980, the trial court entered an order directing Mr. Sidwell to pay Mrs. Sidwell's attorney

$7,032.44 ($6,567.50 plus interest from April 25, 1979, to March 14, 1980). Mr. Sidwell moved to vacate this order and the trial court granted the motion. Mrs. Sidwell again moved for an order granting an award of attorney fees on November 6, 1980. A hearing was held on January 27, 1981. At the hearing, Mrs. Sidwell's attorney testified regarding the fees and costs incurred in this case from March 30, 1976, to the date of the hearing. He also testified that he and members of his firm were required to make numerous court appearances to answer objections interposed by Mr. Sidwell to the motion for an award of attorney fees.

The trial court entered an order on March 16, 1981, directing Mr. Sidwell to pay Mrs. Sidwell's legal fees and expenses in the sum of $7,241.69. The trial court also found:

"[T]he Plaintiff has been obliged to conduct numerous proceedings and has prepared pleadings and made appearances but that the delays incident to this matter have not been occasioned by good faith efforts on the part of the Defendant; * * * the Defendant has disregarded the Order of the Appellate Court for the Fourth District of Illinois * * * that the Plaintiff is entitled to her reasonable attorneys' fees and costs in enforcing the Order of the Appellate Court."

■■ ■ When a party must go into court to vindicate his rights under a divorce decree, the party resorting to the judicial system is entitled to an award of attorney fees in a reasonable amount. (*Tippet v. Tippet* (1978), 65 Ill. App. 3d 1018, 383 N.E.2d 13; *Neeland v. Neeland* (1974), 17 Ill. App. 3d 803, 308 N.E.2d 651.) An award of attorney fees will be upheld against attack where the party attacking the award has deliberately impeded the progress of the proceedings in bad faith. *Van Fleet v. Van Fleet* (1977), 50 Ill. App. 3d 172, 365 N.E.2d 1143; *Booth v. Booth* (1971), 132 Ill. App. 2d 758, 270 N.E.2d 171.

In *Van Fleet*, the trial court found that plaintiff did not pursue his divorce litigation in good faith and awarded attorney fees to defendant. On appeal, the First District upheld the award. In *Booth*, an award of attorney fees to plaintiff was upheld where her former husband made numerous *pro se* motions and habitually appealed every final order entered.

The trial court found that Mr. Sidwell had not acted in good faith during the proceedings. We agree. It is clear from an examination of the record that Mr. Sidwell has acted with a total disregard for the mandate of this court and has made every effort to delay and impede a final resolution of this case. The trial court's award of $7,241.69 in attorney fees to Mrs. Sidwell was proper.

■■ Mrs. Sidwell filed a motion in this court for an award of attorney fees on appeal. The motion was denied. Our denial of the motion was not

intended as a ruling on the merits of her request. The appropriate procedure for Mrs. Sidwell to follow in her attempt to recover attorney fees for this appeal is to make an application in the trial court. The case law is clear that a prevailing party may petition the trial court for a retroactive award of fees regardless of whether the party prosecuted or defended the appeal. *Sherman v. Sherman* (1979), 74 Ill. App. 3d 451, 393 N.E.2d 67; *McCarrel v. McCarrel* (1977), 48 Ill. App. 3d 666, 363 N.E.2d 198.

The judgment of the circuit court of Cumberland County is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.