DORIS SIDWELL, Plaintiff-Appellee, *v.* ROY SIDWELL, Defendant-Appellant.

Fourth District  No. 4—84—0162

Opinion filed August 27, 1984.

Roy Sidwell, of Greenup, for appellant, *pro se.*

Harlan Heller and Brent D. Holmes, both of Harlan Heller, Ltd., of Mattoon, for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
> "There are some things that are merely a concession to the shortness of life!"
>
> — Justice Holmes

There simply must be an end to all litigation—and we have reached it in this acrimonious saga!

This vindictive divorce has been on the books for over 20 years—since February 4, 1964—and has generated five reviewing court decisions until now.

This is the sixth!

In all of this time and in all of these judicial machinations, 11 appellate court justices have been involved—8 regular and 3 temporarily assigned.

The Sidwell odyssey has consumed untold months of legal and judicial exertion, two decades of bitterness and recrimination, and—in the process—nearly dissipated the marital assets. It is reminiscent of Jarndyce v. Jarndyce, as chronicled in Dickens' "Bleak House."

Let us briefly review this tiresome tale.

I

On February 4, 1964, Doris Sidwell filed a complaint for divorce and injunction in Cumberland County to which Roy Sidwell filed a counterclaim for divorce. A related suit for separate maintenance was also filed by Doris in Clark County. When the Cumberland County circuit court denied Doris leave to amend her complaint and denied a divorce to either party, and the trial court in Clark County dismissed Doris' suit for separate maintenance, she appealed and Roy cross-appealed. *Sidwell v. Sidwell* (1966), 75 Ill. App. 2d 133, 220 N.E.2d 479 (*Sidwell I*).

In *Sidwell I*, this court reversed and remanded the Cumberland County proceeding because the trial court erred in considering incompetent evidence on the question of whether to grant a divorce to Doris. Doris was also permitted to amend her complaint to add an additional count for separate maintenance—which rendered the dismissal of the Clark County case moot. Finally, the court found no merit to Roy's cross-appeal.

## II

The multivarious events occurring over the course of three years following remand precipitated the second appeal by Doris. In *Sidwell v. Sidwell* (1971), 132 Ill. App. 2d 1055, 271 N.E.2d 115 (*Sidwell II*), Roy was permitted to reopen his case to present further evidence, after which Doris was again denied a divorce and her complaint was dismissed for want of equity. Instead of appealing, however, Doris engaged in a protracted set of post-judgment motions which variously sought permission of the court to reopen her case, to file an amended complaint, and to restrain Roy from proceeding on a separate divorce petition filed by him in another State. In these efforts Doris was largely unsuccessful, as the trial court continually denied or failed to rule on her motions for reconsideration and injunction.

After a substantial period of inactivity, Doris sought leave to file an amended petition for the purpose of adjudicating property rights, alimony, and attorney fees, because Roy had secured an *ex parte* divorce in Arkansas. The trial court denied leave to file her petition, prompting Doris to appeal. In *Sidwell II*, this court concluded that the trial court erred in denying Doris her divorce but that she failed to perfect this issue by not filing a timely notice of appeal. The case was nevertheless reversed and remanded again with directions to permit Doris to file her petition to adjudicate property rights of the parties.

## III

Upon remand from *Sidwell II*, summary judgment was granted to Doris on her petition. Roy was ordered to convey certain farmland to her and, in addition, Doris was awarded $20,000 in attorney fees. From this judgment Roy took an appeal. *Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 328 N.E.2d 595 (*Sidwell III*).

In *Sidwell III*, this court determined that summary judgment was not proper because there was conflicting evidence giving rise to a question of material fact on Doris' allegations of special equities in Roy's property. The cause was remanded with directions for further consideration of the question of special equities and alimony. This court also affirmed the award of attorney fees to Doris for the legal expenses she had incurred for 10 years between 1964 and 1974.

## IV

The case was redocketed in the trial court and further evidence was taken. Doris was awarded alimony in gross but denied attorney fees for the defense of the appeal in *Sidwell III*. From this finding,

Doris appealed. *Sidwell v. Sidwell* (1978), 58 Ill. App. 3d 33, 373 N.E.2d 814 (*Sidwell IV*).

This court again held that the trial court erred in considering matters other than those which it was directed to consider and that it had improperly denied Doris attorney fees for the appeal of *Sidwell III*.

In *Sidwell IV*, we remanded with directions that an order be entered providing for an equal division of the property and liabilities of the parties acquired during the marriage. The trial judge was directed that if the parties were unable to agree on an equitable division, each was to be required to submit a plan for division in equal shares. The trial court was then to choose one of the plans and the party whose plan was not approved was to have first choice of either portion of the property. The trial court was also directed to award additional attorney fees to Doris for the appeal of *Sidwell III* without further hearings.

## V

Following the fourth remand from this court, two successive plans for property distribution submitted by Doris were initially confirmed but then vacated on Roy's motions. A third plan, however, was confirmed and Roy's subsequent motion to vacate was denied, as was a post-judgment motion. Doris was awarded additional attorney fees, and Roy appealed. *Sidwell v. Sidwell* (1981), 102 Ill. App. 3d 56, 429 N.E.2d 539 (*Sidwell V*).

In *Sidwell V*, Roy argued that the plans submitted by Doris and approved by the trial court did not comply with the mandate of this court in *Sidwell IV* and that he did not have notice of entry of the order. The trial court had rejected these arguments and, upon consideration of the merits, so did we. Characterizing Roy's conduct as an attempt to delay and hinder an equitable division of the property, this court held that the order dividing the property as adopted by the trial court was a just and reasonable disposition despite Roy's claim of procedural and substantive infirmities. The trial court's further award of attorney fees was also upheld, and this time the judgment was affirmed without remand.

Undaunted by the lack of a remand order from *Sidwell V*, on January 27, 1983, Roy filed a petition for relief under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). Thereafter, Doris filed a motion to dismiss and for attorney fees. The trial court dismissed Roy's petition, and upon an affidavit in support of attorney fees (to which no objection was lodged), the court ordered Roy to pay additional attorney fees in the amount of

$1,231.50.

It is from this judgment that this sixth *pro se* appeal has been taken by Roy.

## VI

Insofar as the instant appeal is concerned, only the factual milieu surrounding the events described in *Sidwell V* is pertinent. The order from which Roy sought relief was the order entered by the trial court confirming the third plan for the division of marital property submitted by Doris. Roy contends that the order was entered without his knowledge on August 27, 1980, by the trial judge at a time when the court was aware that Roy was no longer represented by his then trial counsel. Roy maintains that even though Judge Sunderman, when confronted initially, indicated that the order approving the distribution would be vacated, he nevertheless subsequently refused to do so. These matters were brought to the attention of the trial court in *Sidwell V* by two separate motions attacking the order of August 27, 1980. These precise issues were also raised on appeal in *Sidwell V* and decided adversely to Roy at that time.

In his *pro se* brief, Roy again requests that we reconsider the circumstances surrounding the entry of the order of the trial court confirming the property distribution plan. Indeed, Roy exhorts that we re-examine the entire history of this 20-year odyssey which the parties have doggedly pursued with great personal acrimony toward each other. For her part, Doris seems content to argue that the trial court properly dismissed Roy's final petition because these same matters have been adjudicated on prior occasions by both the trial court and this court.

### STATUTE OF LIMITATIONS

■ We believe, however, that a more fundamental defect precludes any review of the prior litigation. Section 2—1401(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(c)) provides:

> "The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

This two-year period of limitations has been strictly construed by the courts, and we cannot, even if the circumstances were believed to warrant it, extend this limitation by judicial fiat. *Johnson v. Hawkins*

(1972), 4 Ill. App. 3d 29, 280 N.E.2d 291; *Estate of Arcicov* (1968), 94 Ill. App. 2d 122, 236 N.E.2d 365; *Athletic Association of the University of Illinois v. Crawford* (1963), 43 Ill. App. 2d 52, 192 N.E.2d 556; *Agorianitis v. Ress* (1977), 55 Ill. App. 3d 325, 371 N.E.2d 10.

The original order confirming the third plan submitted by Doris was entered on August 27, 1980. The docket sheet indicated that a "judgment order" was subsequently entered on September 2, 1980. Thereafter, Roy filed a motion to vacate and after a hearing on October 21, 1980, a detailed judgment order was entered setting forth the specific distribution of assets and liabilities between the parties. A second post-trial motion was filed by Roy on November 19, 1980, and denied on March 16, 1981. (*Sidwell v. Sidwell* (1981), 102 Ill. App. 3d 56, 429 N.E.2d 539 (*Sidwell V*).) The petition for relief from judgment was not filed until January 27, 1983.

Upon this chronology it is, accordingly, clear that Roy's petition was not filed within the two-year period of limitations. Irrespective of whether we consider the August 27 or the October 21 order to be the order or judgment within the meaning of section 2—1401 of the Code, the petition for relief is untimely. The supreme court has held that the two-year limitation mandated by this section must be adhered to in the absence of a clear showing that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed. (*Crowell v. Bilandic* (1980), 81 Ill. 2d 422, 411 N.E.2d 16; *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649.) Moreover, the fact that a post-judgment motion or an appeal may be pending does not serve to toll the period of limitation. See *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649.

Finally, even were we to consider the allegations of the petition to loosely allege fraud in the entry of the order, the result would not change, for, as this court has stated, it is manifestly obvious that all claimed fraud should not render a decree subject to collateral attack. If this were so, there would be no finality to any judgment. See *Johnson v. Hawkins* (1972), 4 Ill. App. 3d 29, 280 N.E.2d 291; see also *Crowell v. Bilandic* (1980), 81 Ill. 2d 422, 411 N.E.2d 16.

In sum, the petition for relief was filed too late. It was therefore properly dismissed by the trial court—although for reasons other than those here assigned.

### FEES

■ The final issue is the propriety of the award of attorney fees to Doris. The record indicates an affidavit of services rendered was filed with the trial court. There is no indication that Roy filed any for-

mal objection. From the record before us, we cannot conclude that the trial court abused its discretion in awarding fees.

For the reasons expressed above, the judgment of the circuit court of Cumberland County is hereby affirmed.

Affirmed.

GREEN and MILLER, JJ., concur.